ALLEN *vs.* MANN.

The taking out of a writ, is the commencement of an action, to save the demand from the statute of limitations, and not the service of the writ.

*Chittenden,*
*January,*
*1797.*

THIS was an action of trespass on the case, in which the plaintiff declared, in substance, that on the 26th day of November, 1793, he took out a writ of summons of that date, signed by ———, against W. G. of Vergennes, on a note of hand given him by the said W. G. on the 10th day of January, 1794, for the sum of £———, which

writ was made returnable to the County Court then next to be hol-
den for the County of Chittenden, on the ——— Monday of Februa-
ry, 1794.—That on the 30th day of November, 1793, he delivered
the said writ to the defendant, then a legal Constable of said Ver-
gennes, to serve and return according to law; and though the de-
fendant had a reasonable time and opportunity to serve the same,
yet he altogether neglected and wilfully refused to serve the same
before the first day of December, then next, whereby the plaintiff's
action on said note was barred by the statute of limitations, and the
sum due thereon wholly lost to the plaintiff.

The writ in the present action was dated the 9th day of Janua-
ry, 1794.

Plea—*Not Guilty.*

The plaintiff proved the note against W. G.—the taking out of
the writ and its delivery to the defendant, (who was also admitted to
be a Constable of Vergennes) on the 30th day of November, 1793,
which was on Saturday, near sun-set. It was farther proved, that
on Monday following, which was the 2d day of December, the de-
fendant being informed that the statute of limitations had run on the
demand, returned the writ to J. S., from whom he received it, and
who acted as attorney for the plaintiff, without having made ser-
vice. It farther appeared, that a few days after, the defendant on
taking advice, went to J. S., who still had the writ, and offered to
serve it at his own peril, but J. S. refused to permit him to serve it.

CHIPMAN, Ch. J. It will be in vain for the plaintiff to proceed.
It is clear, as well from the declaration as the proof, that there is no
foundation for the action. The declaration is wholly insufficient to
support a judgment, should the plaintiff obtain a verdict. From his
own shewing it appears that the plaintiff has sustained no injury,
unless from his own voluntary act. The taking out of a writ is the
commencement of an action, to avoid the statute of limitations, if it
be actually taken out, it is sufficient if it be served in time for the
next Court, to which it must be made returnable. The statute of
offsets has made the day of serving the writ, the commencement of
the action, for certain purposes. The statute of limitation has made
no such alteration : it remains, therefore, as at common law, and
when the defendant received the writ, he had the whole time of ser-
vice to the next Court (some time in the beginning of February) to

*Chittenden,*
*January,*
*1797.*

*Allen*
*vs.*
*Mann.*

make the service. Until that time, from the nature of the thing, the plaintiff could sustain no injury, and could have no cause of complaint against the officer. At the time of bringing this action, the 9th day of January, 1794, the time of service not being then expired, it is apparent there could exist no right of action in this case. The defendant ought to have demurred. It would be nugatory for the plaintiff to take a verdict, for a judgment in this case could not be supported. Indeed, though the evidence proves the facts alleged in the declaration, it does not prove the defendant to have been guilty of any thing which the law can deem an injury. He is in fact charged with nothing upon which to say he is guilty. If the plaintiff or his agent, has not permitted the writ afterwards to be served, although there was ample time, as it appears, he has lost his debt by his own latches, or his eagerness to entrap an officer who had done nothing amiss.

The other Judges concurring, the counsel for plaintiff suffered a verdict to be taken against him.