PRESTON *against* HICOCK and others.

Where an officer, serving a writ of attachment on personal property, left with the debtor a copy of the original writ, with an endorsement thereon, certi.

fying it to be a true copy and describing the property attached; which endorsement was attested, by the officer, under his official signature, but was not certified to be a true copy of his return on the original writ; it was held, that such service was valid, and sufficient to create a lien, in favour of the attaching creditor, on the property attached.

*New-Haven,*
*June, 1833.*

Preston
*v.*
Hicock.

THIS was an action of trover for goods; tried at *New-Haven, January* term, 1833, before *Peters, J.*

Originally, the goods in question were the property of *Benjamin Stiles.* On the 8th of *February*, 1832, they were attached, by two of the defendants, as officers, on suits in favour of sundry creditors of *Stiles* against him. These officers, on the day of service, left with the debtor true copies of the writs by them respectively served, endorsed and attested as follows: " *Derby, February* 8th, 1832. Then, by virtue of the original writ, of which this is a true copy, I attached, &c. [describing the property.] Attest. *William Hicock,* Deputy Sheriff;" but such indorsement was not certified, by the officer, to be a true copy of his return on the original writ. On the 10th of *February*, 1832, the same goods were attached, by the plaintiff, as an officer, on a suit in favour of another creditor of *Stiles*, against him. The creditors, whose attachments were first served, recovered judgments, and the goods attached were sold on the executions; a demand having been previously made by the plaintiff. These facts being ascertained, the case was reserved for the advice of this Court, on the question, whether the defendants, by their service, acquired a lien on the goods. If they did not, judgment was to be rendered for the plaintiffs; otherwise, for the defendants.

*Sherman* and *C. B. Phelps*, for the plaintiff, contended, 1. That the attachments of the defendants were not served according to law. Service deriving its existence from positive institution, the statute which prescribes it, (*Stat.* 36.) must be strictly complied with. This explicitly requires three distinct things to be done, after the property has been taken: first, a true and attested copy of the *writ* to be left with the defendant; secondly, a like copy of the *return;* and thirdly, a *description of the property attached*. In this case, the second requisite is wanting. The paper left in service contained no copy of the return; nor did it shew, that the officer had made any return or indorsement on the original process.—

This requirement of the statute is not mere matter of form. The design of the law is, not only to let the debtor know what property has been taken, but whether it was taken *lawfully.*

2. That if an attachment of property is not good against the debtor, it is not good against his other creditors. If it is not good against the debtor, no lien on the property is acquired, and the door is, therefore, open for another creditor to come in and take it.

*Hitchcock* and *R. S. Baldwin,* for the defendants, insisted, 1. That the statute had been substantially complied with.— A literal compliance with its terms, is impossible; since there can be no return until after the copy is left in service. The object of the provision in question, was, to furnish the defendant, whose property was taken into the custody of the law, with an *inventory* or a *description* of it, certified under the hand of the officer. It is complied with, according to its spirit, when he leaves an attested statement of his doings and a description of the property attached, on the copy of the writ left in service. A correct description of the property attached must, *necessarily,* be a true copy of that part of the officer's return, which describes the property attached. The objection is, not that the debtor was not furnished with a true and attested statement of the officer's doings; but that that statement is a *duplicate,* instead of being attested as a *copy,* of that part of the indorsement on the writ, which describes the property attached. It is said to be an *original* attestation, by the officer, of his doings, precisely like that on the writ, but not certified to be a *copy* of it.

The service, in this case, is conformable to general usage; and every intendment is to be made in its favour.

2. That if the copy left in service was defective, third persons cannot take advantage of it. The provision of the statute was introduced for the sole benefit of the debtor; and this defect, like any other in the copy of the writ, may be *waived* by him. He may abate the suit, and thereby dissolve the attachment; but if he choose to appear and waive that defence, it has never been supposed, that other attaching creditors could take advantage of the defect. If it were otherwise, no purchaser of either real or personal estate set off or

*New-Haven*,
June, 1833,

Preston
*v.*
Hicock.

sold on execution, would be safe, until he had examined, not only the records and files of the court, but also the copies left in service with the debtor.

WILLIAMS, J.   The statute regulating the service of attachments, requires, that a copy of the writ and of the return, describing the estate attached, shall be left with the debtor, at least twelve days before the session of the court ; and that the officer shall make his return forty-eight hours before said session.   In this case, the officer made his return in proper time and manner; but the copy left is claimed to be insufficient, because it is not attested as a true copy of his return.   The officer certifies upon it, that by virtue of the original writ, of which this is a true copy, he attached the property in question, describing it; but he does not add, that this is a true copy of his return upon the original writ.

The plaintiff claims, that this process is defective, for want of such attestation.

The law requires the copy left with the debtor, to be left twelve days before the session of the court, and the return forty-eight hours only before the court.   His return, which is nothing but a simple history of his proceedings with the writ, must, of course, state, that he has left a copy with the debtor; and the plaintiff claims, and a literal construction of the statute will seem to justify it, that the copy left must be an attested copy of his return, so far as regards the description of the property attached.   To comply thus literally with the statute, the officer must sit down and make his return before he leaves the copy, that he has left a copy with the debtor ; or he must leave a copy with the debtor, attesting it as a true copy of his return as to the description of the property, before that return is made.   Either mode is impracticable, consistently with truth ; in consequence of which, a practice arose—which I had supposed very extensive—like that adopted by the officer in this case.   It is claimed, that this practice is not general nor legal.   And in support of its illegality, it is said, that when property is thus taken by law *in invitum*, the law must be strictly pursued.   This general principle is certainly correct ; but in looking into a statute, which seems to involve contradictions, we are to give it such a construction

as is agreeable to the general custom, and which will best carry into effect the object of the legislature in making it.

Formerly, goods might be taken on mesne process, and no notice whatever given to the debtor, of what goods were taken, unless incidentally, by the officer's taking possession of them, and until the return of the writ. But it was deemed important, that notice should be given to the debtor, not merely of the existence of the process, but of what was done by virtue of it ; and in the year 1770, the provision in question was introduced, by which the debtor was to be officially informed of what proceedings had taken place upon the process against him ; and I can see no other object but this. It is said, indeed, that one object is, to see that the property is lawfully out of his hands ; but the proper place to look for this, is the return upon the writ rather than upon the copy of that return, or by comparing one with the other.

Besides, it is very difficult to perceive how an attested copy of the description of the goods attached could shew better the illegality of the proceedings, than the description of the goods themselves, attested to be true. The truth is, that the description, in the writ, of the goods attached, and on the copy, if both are correct, must, of course, be substantially the same, although neither is copied from the other. The debtor, then, has all that it could have been intended he should have, an official statement from the officer, of the goods taken. The return contains the same statement. The court and the public are informed of that fact ; and the same fact is communited to the debtor, by the description on the copy of the writ. The attesting of it as a true copy of the return on the writ, is no higher evidence of the property taken, than the debtor would have without it. It was suggested, that the debtor might thus have an opportunity to judge of the validity of the attachment ; but as it is not claimed, that the whole return is to be copied and left with the debtor, it is manifest that this knowledge can only be completely obtained, by the return itself.

Upon the whole, then, this practice gives to the debtor, in a plain and direct manner, that information, which it was the object of the statute he should have. It gives to the officer the privilege, which it was also intended he should have, of taking more time to make his returns than to make his copies. And it makes one part of the duty of the officer consistent

New-Haven,
June, 1833.

Preston
*v.*
Hicock.

with the other part, instead of requiring from him what would be impracticable, or at least, inconsistent with the other requirements of the statute.

I am, therefore, of opinion, that the defendants acquired a lien, by their attachment ; and that the superior court be advised to render judgment in their favour.

The other Judges were of the same opinion.

Judgment for defendants.