THOMAS GRIMES & another *vs.* NATHANIEL BRIGGS.

If judgment creditors, who have arrested their debtor on execution, consent to his discharge upon his executing to them an assignment under seal of all his personal property not exempt from being taken on execution, the assignment is not invalid, either because made under duress or for want of sufficient consideration, and it passes to the creditors a right of immediate possession which will support an action against a third person for the conversion of the property.

The plaintiffs went on a certain day to the defendant, who had their goods in his possession, having with them an officer and a writ, bearing date of that day, against the defendant, intending to demand the goods, and to serve the writ only in case of refusal; they demanded the goods, the defendant refused to deliver them, the writ was served, and an action for conversion of the goods was brought thereon; in which the plaintiffs relied on this refusal of the defendant as the evidence of the conversion. *Held,* that the action was not prematurely brought.

TORT for the conversion of certain goods. Writ dated February 25, 1871. At the trial in the Superior Court, before

*Dewey*, J., it appeared that the plaintiffs, having an execution against William H. Harlow, caused him to be arrested thereon in November 1870 ; that he was taken before a magistrate for examination upon his application to take the poor debtor's oath ; that the examination having been had in the presence of the plaintiffs' counsel, the magistrate told Harlow that if he would execute an assignment to the plaintiffs of any interest he might have in any property, not exempt from being taken on execution, he would administer the oath to him, and discharge him ; that thereupon Harlow executed and delivered to the plaintiffs an assignment under seal of all his interest in any personal property not exempt from being taken on execution.

The plaintiffs testified that they never paid any consideration for this assignment, and there was no evidence for any consideration therefor, except as might be inferred from the facts above stated.

It further appeared that on February 25, 1871, the plaintiffs went with an officer to the house of the defendant, where was the property mentioned in the writ, and demanded it ; that the defendant refused to deliver it, claiming to be himself the owner, and saying that if they took it away they did it at their peril ; and that thereupon the officer immediately made service of the writ in the present suit, by giving the defendant a summons in hand. On the question whether Harlow was at the time of the assignment the owner of the property, there was a conflict of evidence.

The defendant asked the judge to rule " that the assignment of Harlow to the plaintiffs was made under duress and was there fore void; that the plaintiffs had no such right to the present possession of the property claimed as would enable them to maintain their action ; that there was no sufficient evidence to prove an actual conversion by the defendant before demand and refusal; and that the demand and refusal were made after the commencement of the action, and did not constitute a conversion by the defendant."

But the judge refused so to rule, and ruled " that the jury must be satisfied that the defendant had converted the property to his

own use ; that if the plaintiffs made a demand, and the defendant refused to deliver the property, that would authorize them to find a conversion ; " " that ordinarily the date of the writ was proof of the time of the commencement of the action ; but that if it appeared that the writ was provisionally made, to be used on the happening of a certain contingency, otherwise not, as in case a demand was to be first made for certain property, and if the property was not delivered it was to be served, and if delivered, not to be served, and the writ was not served till after the demand and refusal, the action would not be prematurely commenced."

The jury returned a verdict for the plaintiffs for the value of a part of the property claimed, not exceeding the amount of the plaintiffs' execution against Harlow ; and the defendant alleged exceptions.

*S. R. Townsend*, for the defendant.

*J. Brown*, for the plaintiffs.

AMES, J. Upon the facts stated in the bill of exceptions, it must be inferred that Harlow was not subjected to any unlawful or improper duress. The plaintiffs, as judgment creditors, having an execution against him, had a right to cause him to be arrested, and also had a right, upon proper notice of his application as a poor debtor to be discharged from such arrest, to appear upon his examination and to oppose his discharge. It cannot be said that by accepting payment or security for the debt, and thereupon allowing or ordering his discharge, they were guilty of any abuse of legal process. There was no threat to make use of criminal process in order to enforce the collection of a debt, and no attempt to use the execution for any purpose other than the collection of the specific debt for which it was issued, and in the mode prescribed in its terms. In this respect the case is distinguishable from *Hackett* v. *King*, 6 Allen, 58.

The plaintiffs' waiver of all objection to the defendant's discharge from arrest was a sufficient consideration for the assignment. It was a concession on their part, and was beneficial to the debtor. The conveyance was sufficient to pass the debtor's title to the property, and gave the plaintiffs a right of immediate possession. The evidence of demand and refusal was sufficient

to make out a conversion against a party who, as we must infer from the verdict, failed to prove title in himself. As the writ was made provisionally, to be used only in case of refusal by the defendant to give up the property, the suit was not prematurely brought. *Badger* v. *Phinney*, 15 Mass. 359. *Seaver* v. *Lincoln*, 21 Pick. 267. *Federhen* v. *Smith*, 3 Allen, 119. We find no error in any of the rulings of the court, and therefore the

*Exceptions are overruled.*