ADONIJAH WEBBER *vs.* MARY J. READ.

Penobscot, 1874.—May 17, 1876.

*Replevin.  Exceptions.*

In an action of replevin where the identity of the property and the genuineness of the writing under which the plaintiff claims it are questioned, the burden is upon him to establish both facts.

The accuracy of a ruling upon a point of law will not be examined on exceptions, when the special findings of the jury upon the facts are such as to render the ruling immaterial.

*Thus:* where the judge instructed the jury that if the horse replevied came into the possession of the defendant by the plaintiff's consent, and no demand was made for a return until after the writ was made and put into the officer's hands for service, the action was prematurely brought, and the plaintiff alleged exceptions, and the jury found specially that the horse was the property of the defendant; *held,* that the instruction thereby becoming immaterial, it was unnecessary to inquire into its correctness.

In an action of replevin, where a demand is necessary to terminate a bailment, and no demand is made until after the writ is filled out and put into the hands of an officer for service, whether the action is prematurely brought, *quære.* See 47 Maine, 520; 15 Mass., 359; 110 Mass., 446.

ON EXCEPTIONS AND MOTION.

REPLEVIN, for a horse claimed by the plaintiff under a writing of the following tenor:

"KENDUSKEAG, February 12, 1869.

Received of A. Webber, one last spring colt; the same Webber & Scripture had of North; and one mare William Meguire had, which I agreed to keep and return to said Webber in six months, or pay $73 and interest. The colt and mare to remain the property of said Webber till paid for.

(Signed,)                              O. B. READ."

The writ was dated January 18, 1873, in which the plaintiff averred the unlawful taking of the horse on November 11, 1872. The officer's return shows that the property was replevied January 20, 1873.

After the death of O. B. Read, his wife, (the defendant) received the horse by allowance of the judge of probate.

Both the identity of the horse and the genuineness of the writing were denied by the defendant; and the evidence tended to

show that no demand upon the defendant for a return was made in behalf of the plaintiff until two days after the making of the writ, and after it had been placed in the hands of an officer for service ; and the presiding justice instructed the jury substantially, that if the facts were thus, the action was prematurely brought. To which instruction the plaintiff alleged exceptions.

The jury returned a general verdict for the defendant, and also found specially that the horse was his property.

The plaintiff moved to set the verdict aside as against evidence.

*D. F. Davis*, for the plaintiff, submitted without argument.

*J. F. Godfrey*, for the defendant.

WALTON, J. This is an action of replevin for a horse, which the plaintiff claims was delivered, when a colt, to the defendant's deceased husband, upon condition that it should be his, if he paid for it; otherwise to be returned to the plaintiff; and the plaintiff produced a writing, purporting to be signed by the deceased, to that effect.

The identity of the horse, and the genuineness of the writing, were denied. It was also claimed that the action was prematurely commenced, the writ having been sued out and put into the hands of an officer for service, two days before a return of the horse was demanded.

At the request of the plaintiff's counsel, the jury were directed to find specially whether the horse replevied was or was not the property of the plaintiff; and they found that it was not; that it was the property of the defendant.

This finding rendered the rulings of the presiding judge upon the last point, namely, as to whether the action was or was not prematurely commenced, immaterial; for if the horse replevied was the property of the defendant, and not the property of the plaintiff, of course the action could not be maintained, whether it was or was not prematurely commenced ; and the accuracy of the rulings upon that point need not be examined. We will add, however, that the question is not free from difficulty. See 47 Maine, 520 ; 15 Mass., 359 ; 110 Mass., 446.

The only remaining question is, whether the finding of the jury

is so clearly against the weight of evidence as to require us to set it aside. We think it is not. The burden of proof was upon the plaintiff, to prove the identity of the horse and the genuineness of the writing, both of which were denied; and we do not think the evidence upon these points is so clear and conclusive that a finding against the plaintiff must necessarily be wrong.

> *Motion and exceptions overruled.*
> *Judgment on the verdict, and*
> *for a return.*

APPLETON, C. J., BARROWS, DANFORTH and PETERS, JJ., concurred.