TIMOTHY O'NEIL *vs.* JOSEPH BAILEY *et ux.*

Waldo. Decided October 19, 1878.

*Replevin. Action.*

When the defendant in replevin, with the general issue, pleads property in himself, avows the taking and demands a return, it is not necessary to prove a demand previous to suing out the writ of replevin.

Where a replevin writ was made provisionally, to be used only in case of the refusal of the defendant to give up the property, the action was held not to have been prematurely commenced.

ON EXCEPTIONS.

REPLEVIN of furniture, on writ made one day and dated and served the next, where the plea was the general issue with a brief statement of property in the defendants and not in the plaintiff, and a ruling of the presiding justice that if the property was lawfully in possession of defendants a demand was necessary before action commenced, more fully stated in the opinion.

The verdict was for the defendants; and the plaintiff alleged exceptions.

*J. W. Knowlton,* for the plaintiff, contended a demand was not necessary, and if it were, it was seasonably made.

*W. H. Fogler,* for the defendants.

APPLETON, C. J. This is an action of replevin. The writ was made August 26, and dated August 27, 1877.

The plaintiffs' attorney testified that he went with an officer to the defendants' house, took the writ from the officer, demanded the articles replevied, which were refused, then handed the same to the officer by whom the service was made.

The court instructed the jury, " that if the goods were lawfully in the possession of the defendants at the time the action was brought, although the plaintiff may have been the owner of the property, yet he could not maintain his action until he made a formal demand for its return to him and there had been a refusal to return it; and that if they found that the plaintiff was the

owner of the property, he would be entitled to a verdict, provided demand was made for it before the commencement of this action and return refused."

The defendants pleaded the general issue with the statement that the property in the goods replevied was not in the plaintiff but was in the defendants.

In this state of the pleadings it was unnecessary for the plaintiff to prove a demand, previous to suing out his writ of replevin. *Lewis* v. *Smart*, 67 Maine, 206, 207, reaffirming *Seaver* v. *Dingley*, 4 Maine, 306.

"A writ may be considered as purchased at any moment of the day of its date, which will most accord with the truth and justice of the case," observes Putnam, J., in *Badger* v. *Phinney*, 15 Mass. 359. If the writ was made provisionally, to be used only in case of refusal by the defendant to deliver the property upon demand, it might not, it seems, be regarded . as prematurely brought. *Federhen* v. *Smith*, 3 Allen, 119. The case of *Grimes* v. *Briggs*, 110 Mass. 446, is in point. There the plaintiff went to the defendant with an officer and a writ, bearing date of that day, against the defendant, intending to demand the goods and to serve the writ only in case of refusal ; they demanded the goods, which the defendant refused to deliver and the writ was served, and an action of tort for the conversion of the goods was brought thereon. The plaintiff relied on the refusal as evidence of conversion. *Held*, that the action was not prematurely brought.

It appears that the verdict was for the defendants, but it does not appear that the jury found that the title to the property replevied was in the defendants, as was the case in *Webber* v. *Read*, 65 Maine, 564. The instructions, therefore, so far as they relate to the demand, cannot be regarded as immaterial.

*Exceptions sustained.*

WALTON, BARROWS, DANFORTH, PETERS and LIBBEY, JJ., concurred.