## LAMPING V. KEENAN.

Where the defendant, in an action of replevin before a justice of the peace, has contested the case upon the merits, on a claim of a superior right to the property, and the judgment has been given against him, he cannot maintain on appeal that, as an innocent purchaser, replevin will not lie against him without a demand and his refusal to deliver up the property; a demand is not necessary where the defendant claims the same right, both as to ownership and possession, as the plaintiff claims, and that his right is derived from the same source.

*Appeal from County Court of Lake County.*

THIS was an action of replevin, brought by the plaintiff below, Thomas Keenan, against the defendant, Joseph Lamping, for the recovery of a span of· mules and a set of double harness. It was originally instituted before

a justice of the peace, who gave judgment for defendant Lamping. Keenan appealed to the county court, and upon trial there recovered a judgment awarding a return of the property, or, if a return could not be had, that he recover the sum of $95, the value of the property. The evidence shows that Thomas Keenan purchased the property from Martin Keenan, in his life-time, who was the owner thereof, receiving a bill of sale dated September 21, 1880, and that, before and at the time of receiving the bill of sale, the purchaser was in possession of the property; that some time afterwards he leased the property to one Annie Gibbons, and then went to Kansas City. That Martin Keenan died soon after the sale; and, during the absence of the plaintiff, a creditor of the estate of deceased brought suit in attachment before a justice of the peace against the administrator, causing the writ of attachment to be levied upon the property while in the possession of said lessee; that he recovered a judgment, caused an execution to be issued thereon, and the property in controversy so seized to be sold on such execution, and that defendant Lamping purchased the property at the constable's sale. In further support of the defendant's title, he was permitted to introduce in evidence, against the objections of the plaintiff, a lease of the mules in controversy to one Annie D. Griffen, purporting to have been executed by the said Martin Keenan about one and a half months subsequent to his execution of the bill of sale to the plaintiff, Thomas Keenan. It was conceded that the property was in possession of the plaintiff's lessee, Annie Gibbons, at the time of the seizure on the writ of attachment. It was also conceded that no demand for the possession was made by the plaintiff prior to bringing the present action.

Mr. Charles S. Thomas, for appellant.

Messrs. W. T. Rogers and G. H. Thompson, for appellee.

BECK, C. J. This action having been commenced in a justice's court, no written pleadings appear in the case, but an inspection of the proceedings shows that the claims to the property in dispute set up by both parties to the controversy are precisely the same; that is to say, both parties claim ownership and right to possession by virtue thereof, and both trace title to the same source. The property was originally owned by Martin Keenan, in his life-time. The plaintiff, Thomas Keenan, claims to have purchased it from the owner direct; while the defendant, Lamping, claims to have purchased the same at an execution sale held pursuant to judicial proceedings against the administrator of said Martin Keenan, deceased. This latter proceeding was commenced by attachment, and the property was attached to satisfy the claim of a certain creditor of the deceased. The trial of this replevin suit, therefore, was on the merits; and the plaintiff succeeded in establishing a regular and valid title, with right of possession, while the defendant signally failed to establish either. The defendant's proof showed a personal judgment against the administrator, and an execution issued against the express inhibition of the statute. The entire proceeding was consequently without any validity whatever. Gen. Laws, § 2924; *Mattison v. Childs*, 5 Colo. 78.

Counsel for appellant say that they do not claim the judgment of the justice of the peace has any binding force; nor that the sale on execution conveyed any title to the purchaser if the property sold belonged to a stranger to the action; but they insist that the possession thus obtained by the appellant was not tortious, and that replevin will not lie in such a case, without a demand upon the purchaser, and his refusal to deliver up the property. This might be a tenable proposition if the defendant's position on the trial below had been consistent with it. But it was not so, in any view of the proceedings as presented to us by the record. His position

was not that of one who had innocently come into possession of the chattels,, and claimed a right to retain them until such rights should be terminated by a demand therefor by the true owner., On the contrary his claim was that he was the true owner himself, by virtue of his purchase at the execution sale. He testified that he had paid every dollar the property was worth, and introduced other testimony to the same effect. He also attempted to impeach the plaintiff's title, and to show that it was not acquired in good faith, by proof that Martin Keenan, the vendor, treated the property and dealt with it as his own long after the execution of the bill of sale to the plaintiff. The defendant having, therefore, contested the case upon the merits,, on a claim of superior right to the property, the case is brought within the class of cases wherein a demand is not required. It also comes within the principle that proof of any circumstance which would satisfy a jury that a demand would have been unavailing is sufficient to excuse this proof. Wells, Repl. §§ 373, 374, and cases cited.

The decisions upon the question when a demand is necessary are neither uniform nor entirely reconcilable; but we think the better doctrine is that a demand is only required when it is necessary to terminate the defendant's right of possession, or to confer that right on the plaintiff; but when the plaintiff claims the ownership of the property, and the right of possession as incident to that ownership, and the defendant's right claimed is precisely the same, as in the present case, no demand is necessary. The opinions of the courts. in the following cases are cited, in so far as they sustain the views above expressed: *Smith v. McLean,* 24 Iowa, 322; *Eldred v. Oconto Co.* 33 Wis. 140; *Shoemaker v. Simpson,* 16 Kan. 43, 52; *Pyle v. Warren,* 2 Neb. 241, 253; *Homan v. Laboo,* 1 Neb. 204, 210.

For the reasons assigned, we are of the opinion that the judgment in this case should be affirmed.

*Affirmed.*