## WASHINGTON COUNTY.

SAMUEL H. CROSS *et al.*, Administrators, *vs.* EDWARD P. BARBER *et ux.*

Issuing a writ is the commencement of a suit at law, if such issuing be with absolute and honest intention of having service made.

When a writ is issued to be served on a contingency, the suit is not commenced until such contingency has become fact.

When a writ of trover was put into an officer's hand for service in case the defendant, after demand made by the officer, refused to deliver the goods claimed to be converted, and after such refusal the writ was served:

*Held*, that the suit was not commenced till after refusal, and hence that a right of action existed at the time of suit begun.

PLAINTIFFS' petition for a new trial.

*Providence, July* 7, 1888. MATTESON, J. This is an action of trover for the conversion of certain goods and chattels, to which the plaintiffs claim title as administrators, with the will annexed, on the estate of Henry M. Barber, late of Westerly, deceased.

At the trial the plaintiff produced as a witness Edward G. Cundall, who testified that on February 26, 1887, he was sheriff of Washington County; that on that date, before the service of the writ in this suit, but having the writ with him, he demanded from the defendants, in behalf of the plaintiffs, all of the property

named in the writ, except the bay horse. The plaintiffs offered to prove by this witness that the defendants, at the time of the demand and before service of the writ, refused to deliver the property in compliance with the demand, but the court excluded the testimony and the plaintiffs excepted. They now petition for a new trial, on the ground that the exclusion of the testimony was erroneous.

That the plaintiff must have a right of action at the commencement of the suit, to entitle him to recover, is a proposition too well established to be questioned. Assuming, therefore, for the purpose of the present inquiry, that there was no other evidence of a conversion, so that proof of a demand and refusal was essential to make out a conversion, the question which arises is, were the demand testified to by the witness, and the refusal to comply with it, which the plaintiffs offered to prove by his testimony, prior to the commencement of the suit. What is the commencement of a suit is a matter about which courts have differed. In Connecticut it is held that it is the service of the writ which is the commencement of the suit. *Clark* v. *Helms*, 1 Root, 487; *Jencks* v. *Phelps*, 4 Conn. 149; *Spalding* v. *Butts*, 6 Conn. 28; *Gates* v. *Bushnell*, 9 Conn. 530. And the word "service," as applied to the commencement of a suit, is defined as "that notice given to the defendant which makes him a party to the proceeding, and makes it incumbent on him to appear and answer to the case, or run the risk of having a valid judgment rendered against him." *Sanford* v. *Dick*, 17 Conn. 213, 216. In Vermont, for the purpose of preventing the barring of a claim by the statute of limitations, the rule is, that the taking out of the writ, with the intent to have it served and pursued, is the commencement of the suit, if the writ be served and returned. *Allen* v. *Mann*, 1 D. Chip. 94; *Day* v. *Lamb*, 7 Vt. 426. But for other purposes, when the question is, whether the cause of action has accrued, — as in trover, when a demand is necessary as evidence of a conversion, or in *assumpsit*, when from the nature of the contract a demand is essential to the right of recovery, — the service of the writ is considered the commencement of the suit. *McDaniels* v. *Reed*, 17 Vt. 674, 679. In this State, and in this country generally, it has been held, that the issuing of the writ is the commencement

of the suit. *Hail* v. *Spencer*, 1 R. I. 17 ; *Carpenter* v. *Butterfield*, 3 Johns. Cas. 145 ; *Lowry* v. *Lawrence*, 1 Caines Rep. 69 ; *Boyce* v. *Morgan*, 3 Caines Rep. 133 ; *Bird*, *Savage et al.* v. *Caritat*, 2 Johns. Rep. 342 ; *Cheetham* v. *Lewis*, 3 Johns. Rep. 42 ; *Fowler* v. *Sharp*, 15 Johns. Rep. 323 ; *Burdick* v. *Green*, 18 Johns. Rep. 14 ; *Ross* v. *Luther*, 4 Cow. 158 ; *Hogan* v. *Cuyler*, 8 Cow. 203 ; *Parker* v. *Colcord*, 2 N. H. 36 ; *Society for Propagating the Gospel* v. *Whitcomb*, 2 N. H. 227 ; *Ford* v. *Phillips*, 1 Pick. 202 ; *Swift* v. *Crocker*, 21 Pick. 241 ; *Thompson* v. *Bell*, 6 T. B. Mon. 559 ; *Chiles* v. *Jones*, 7 Dana, 545 ; *Fowler* v. *Byrd*, 1 Hempst. 213 ; *Whitaker* v. *Turnbull*, 18 N. J. Law, 172 ; *Feazler* v. *Simpson*, 2 Ill. 30 ; *Cox* v. *Cooper*, 3 Ala. 256. But when it is said that the issuing of the writ is the commencement of the suit, it is not intended that the mere filling up of the process, or the mere sending of it to an officer, or placing of it in his hands, is such commencement. These acts, to constitute them the commencement of the suit, must be accompanied with a *bonâ fide*, absolute, and unequivocal intention to have the writ served. *Burdick* v. *Green*, 18 Johns. Rep. 14; *Visscher* v. *Gansewoort*, 18 Johns. Rep. 496 ; *Ross* v. *Luther*, 4 Cow. 158 ; *Society for Propagating the Gospel* v. *Whitcomb*, 2 N. H. 227 ; *Johnson* v. *Farwell*, 7 Me. 370 ; *Whitaker,* v. *Turnbull*, 18 N. J. Law, 172. In *Society for Propagating the Gospel* v. *Whitcomb*, 2 N. H. 227, 230, the court uses this language : " But by the procurement of a blank form from the clerk, or an attorney, an action is not ' brought,' because such form is not a writ, though by the procurement of such a form, suitably filled up and intended to be served, the ' writ ' or ' action ' may well be called ' commenced,' ' sued out.' . . . It is the intention and act combined which in fact constitute the institution of the suit." *Burdick* v. *Green*, 18 Johns. Rep. 14, was a suit upon a note in which the defendant pleaded the Statute of Limitations. The note was dated June 21, 1810, and was payable to the plaintiff, or order, on the first day of August following. The plaintiff had indorsed the note to one Ketchum, who had reindorsed it to the plaintiff. The reindorsement to the plaintiff bore date July 31, 1816, and was sent by mail from New York to Granville. There was no evidence when it was actually received by the plaintiff or his attorney, but it could not have

reached Granville until after July 31, 1816. While the note was
the property of Ketchum, and while it was uncertain when, if
ever, he would reindorse the note to the plaintiff, the attorney
made out the writ and delivered it to the plaintiff with the direc-
tion not to place it in the hands of the sheriff until July 31, 1816.
When it was placed in the sheriff's hands did not appear. The
court thought it fairly inferable from the evidence, that if the note
had not been obtained from Ketchum, the writ would have been
suppressed by the plaintiff, and would never have been delivered
to the sheriff, and, hence, that there was no positive intention to
institute the writ until the note was actually received; and they
held that, as the reindorsement was an event uncertain at the
time the attorney delivered the writ to his client, to be used or ·
not, according to that contingency, and the plaintiff could not
make his election whether to consider the suit commenced, or not,
until the contingency was known to him, which was not until
after the six years had elapsed, the defence under the Statute of
Limitations was complete.

Since, then, this intention to have the writ served is an essen-
tial element to the commencement of a suit, it follows that, where
there is no present, immediate intention that the writ shall be
served, though the writ be in the possession of the officer, but
only an intention that service of it shall be made at some future
time, or upon the happening of some future event, the suit is not
commenced till such time arrives or such event happens. Accord-
ingly, in *Badger* v. *Phinney*, 15 Mass. 359, in which a writ of
replevin was delivered to an officer, and he was directed, before
serving it, to demand the goods from the defendant, and these not
being delivered, he proceeded to replevy them, it was held that
the objection, that the writ was delivered to the officer before a
demand was made for the goods, could not avail. "It is a suffi-
cient answer," says the court, "that if the defendant had deliv-
ered the goods upon demand, there would have been no necessity
to serve the writ. It may be considered as purchased at any mo-
ment of the day of its date which will most accord with the truth
and justice of the case. And it is evident that it was not to be
considered as of any validity until after the demand and refusal
was had." So, also, in *Seaver* v. *Lincoln*, 21 Pick. 267, the objec-

tion was taken that the writ was actually filled up and delivered to an officer before the notice was given to the indorser, and, therefore that, at the time of the commencement of the action, the plaintiff's right of action had not accrued. The objection was overruled. The court remarks : " It appears by the proof that the writ was filled up provisionally, and given to the officer with instructions not to serve it until after giving notice to the indorser, and, in case he should pay the note, then not to make service of it at all. When a writ is made provisionally, and delivered to an officer with instructions that it is not to be used until after a certain time, or the happening of a certain event, the action cannot be considered as commenced until the arrival of the time, or the happening of the event." And see, also, *Grimes* v. *Briggs*, 110 Mass. 446 ; *Federhen* v. *Smith*, 3 Allen, 119 ; *Swift* v. *Crocker*, 21 Pick. 241.

The case at bar would be identical in principle with *Badger* v. *Phinney*, 15 Mass. 359 ; *Seaver* v. *Lincoln*, 21 Pick. 267, and *Grimes* v. *Briggs*, 110 Mass. 446, so far as the question we have considered is concerned, if it appeared from the statement of the evidence, that when the writ was delivered to the officer he was instructed not to serve it until he had first demanded the goods from the defendants, and not to make service of it unless they refused to surrender the goods upon such demand. Inasmuch, however, as it does appear that the officer did make such a demand in behalf of the plaintiffs, and before serving the writ, we think we may fairly infer that the demand was so made, in pursuance of instructions to that effect from the plaintiffs or their attorney. We are of the opinion, therefore, that such demand and refusal were prior to the commencement of the suit, that the court erred in excluding the testimony, and that a new trial ought to be granted.                                    *Petition granted.*

*Albert B. Crafts*, for plaintiffs.

*Thomas H. Peabody & Charles Perrin*, for defendants.