[No. 5473.]
[No. 3143 C. A.]

THE DENVER LIVE STOCK COMMISSION COMPANY v. PARKS.

1. **Replevin—Demand—Time.**

In replevin, a demand made after the beginning of the action, but prior to the execution of the writ, is sufficient.—P. 166.

2. **Justices of the Peace—Replevin—Demand Urged First on Appeal.**

In replevin, where defendant gives a redelivery bond, procures a change of venue, and contests the case on its merits before the justice of the peace, he cannot, for the first time, urge want of demand in the county court on appeal.—P. 167.

3. **Replevin—Necessity for Demand When Defendant Claims Ownership.**

In replevin, no proof of demand is necessary where the defendant claims ownership and right of possession.—P. 167.

*Appeal from the County Court of Larimer County.*

*Hon. J. Mack Mills, Judge.*

Action by The Denver Live Stock Commission Company against Cash Parks. From a judgment for defendant in the county court on appeal from a justice court, plaintiff appeals.

*Reversed and remanded.*

Mr. ARTHUR PONSFORD, for appellant.

No appearance for appellee.

This is an action in replevin commenced before a justice of the peace, and involves the right to the possession of a span of mules and a set of harness under the provisions of a chattel mortgage given to secure a promissory note executed by the appellee, defendant below.   The note was due and payable on April 1, 1903.   The action was commenced on the 22d of April, 1903, and a writ of replevin issued. On April 23d demand for possession of the property was made on appellee.   The demand was refused, whereupon the writ was served and possession of the property taken by the constable.   On April 24, 1903, a redelivery bond was approved, and the property redelivered to appellee.   On motion of appellee for change of venue the cause was transferred to Hiram R. Smith, another justice of the peace, before whom the cause was tried on its merits to a jury and verdict rendered in favor of appellee "that he was entitled to the property," and judgment was entered accordingly.   From this judgment appellant appealed to the county court.

On March 3, 1904, a trial was had in the county court to a jury.   The appellant, after proving the due execution thereof by the appellee, introduced in evidence the note and chattel mortgage and offered to prove, among other things, that upon the trial of the case in the justice's court, the defendant appeared personally and by attorney and contested the case upon its merits, and then made no objection that no demand for the possession of the property was made by, or on behalf of, the appellant prior to the commencement of the action, but set up title to the property in himself.   Upon objection of counsel for appellee, this evidence was rejected.   Upon the conclusion of appellant's testimony the appellee offered no testimony, but moved the court to direct the jury to return a verdict for the defendant, "for the reason

that the evidence does not show that the plaintiff made a demand upon the defendant for the property in question in compliance with the law, viz: ˙ Before the commencement of the suit.'' The motion was sustained and a verdict directed, whereupon the jury returned the following verdict: ''We, the jury in the above entitled action, find issues herein joined for the defendant.'' A motion for a new trial was overruled, and judgment entered in accordance with the verdict. To reverse this judgment, appellant prosecutes this appeal.

Mr. JUSTICE GODDARD delivered the opinion of the court:

The action having been commenced before a justice of the peace, there are no written pleadings. We must, therefore, resort to the proceedings before the justice of the peace, as disclosed by the record, in order to determine whether the action of the court in directing a verdict was permissible, and the defendant entitled to the verdict rendered, it being conceded that no demand for the possession of the property described in the chattel mortgage was made upon appellee until after the writ was issued and in the hands of the constable.

The authorities are not uniform upon the question when demand is necessary, many of the cases holding that where chattels came lawfully into the possession of a defendant, there must be a demand and refusal or proof of conversion before suit is brought, while others hold, for reasons that seem to us sound and persuasive, that a demand, made after the bringing of the action, but prior to the execution of the writ, is sufficient, for the reason that a refusal to surrender the property upon such demand is convincing proof that, had a demand been seasonably made, it would have been unavailing. Among them,

see:  *Morris v. Pugh,* 3 Burr 1241; *Rodgers v. Graham,* 36 Neb. 730, 733; *O'Neill v. Bailey,* 68 Me. 429; *Badger v. Phinney,* 15 Mass. 359; *Grimes v. Briggs,* 110 Mass. 446.

We think these cases state the better rule, not only for the reasons above stated, but also because, as stated in § 372, 2d edition of Wells on Replevin, "The only reason why demand is necessary in any case, is to give the defendant an opportunity to surrender without being put to costs; and while this is eminently proper, the object of the rule is fully accomplished, and the plaintiff sufficiently punished for his neglect by judgment against him for costs, without being compelled to surrender his goods."

Furthermore, the appellee, having given a redelivery bond, procured a change of venue and contested the case on its merits before the justice of the peace, was not in a position to urge the want of a demand before the action was commenced, for the first time in the county court on appeal.—*Lamping v. Keenan,* 9 Colo. 390.

It is well settled that when the defendant claims the ownership of the property and the right of possession, no proof of demand is necessary.—*Lamping v. Keenan, supra; Howard v. Braun,* 14 So. Dak. 579, 586; Wells on Replevin (2d ed.) § 374.

In either view, the court erred in directing a verdict, and the verdict and judgment rendered were clearly unwarranted.   The judgment is therefore reversed and the cause remanded for trial upon the merits.   ·                     *Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE BAILEY concur.