## No. 11,812.

## Scott v. Bohe.

Decided May 9, 1927.

Action in replevin. Judgment for defendant.

## *Reversed.*

## *On Application for Supersedeas.*

1. APPEAL AND ERROR—*Erroneous Findings.* If a judgment is on an erroneous conclusion of law and a correct conclusion would require the same result, or on an erroneous statement of fact and a correct statement would require the same result, or on a specific finding in the decree and a contrary statement in the bill would require a different result, the judgment will not be disturbed on review.

2. *Findings—Conflicting Evidence.* The trial court's finding of fact based on conflicting evidence is binding on the appellate court.

3. *Findings.* Where the record discloses a finding for defendant without showing whether it was on the law or facts and the bill of exceptions discloses a like finding was on the law and not on the facts, held that the finding was on the law and not on the merits.

4. REPLEVIN—*Demand.* Where the defense in a replevin action is on the merits under a claim of superior right, no demand is necessary.

5. *Demand.* In a replevin action, no demand is necessary where it clearly appears that it would have been unavailing.

6. APPEAL AND ERROR—*Questions Not Considered Below.* Questions which are expressly excluded from consideration by the trial court will not be considered on review.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. BENJAMIN E. SWEET, Mr. JAMES A. MARSH, for plaintiff in error.

Mr. REES D. REES, Mr. C. E. WAMPLER, for defendant in error.

*En Banc.*

Mr. Chief Justice Burke delivered the opinion of the court.

These parties appear here in the same order as in the trial court and we hereinafter refer to them as plaintiff and defendant.

Plaintiff brought replevin to recover a picture. To review a judgment against him he prosecutes this writ and asks that it be made a supersedeas. Defendant joins him in requesting final judgment on this application.

The first question confronting us is, Was this judgment on the merits? Plaintiff says, "No"; defendant says, "Yes."

The cause was tried to the court, taken under advisement, and written briefs filed. It was decided October 12, 1926. The record simply recites that the court "doth find for the defendant." In so doing the bill of exceptions discloses that the Judge said: "The court regrets that it is not possible, under the pleadings and proof, for it to determine this case upon its merits. It must be determined upon a legal technicality * * *. The plaintiff in this suit did not have the right to the immediate possession of the property at the time the suit was filed because he had made no demand for, and there had been no refusal of, the picture in question * * *. For these reasons the findings are for the defendant, that he is entitled to the possession of the picture in controversy, and he may have judgment for his costs."

To all of which the plaintiff excepted. October 20, 1926, plaintiff filed a written "motion to correct findings" for the reason, among others, that "the findings of fact and conclusions of law are against the law." At the same time he filed a motion for a new trial. October 25, 1926, both motions were overruled and judgment entered for the return of the picture. In this connection the bill of exceptions discloses the following:

"Mr. Sweet (for plaintiff): If this matter should be taken to the Supreme Court and there is no finding on the merits, it simply means a new trial of the case   *   *   *."

"The Court: If the Supreme Court would hold in this case that this court was in error, that under the evidence a demand and refusal was unnecessary, then the question would come back for decision by this court upon the other issues raised by the pleadings and evidence   *   *   *. The motion to correct the findings will be overruled and you may have an exception. The motion for new trial will be overruled and you may have an exception to that."

It thus indubitably appears as a fact that there was no judgment on the merits. But defendant says the record governs as against the bill and the phrase "doth find for the defendant" is a general finding and must be upheld here if there is any evidence to support it, regardless of anything said by the court to the contrary. The principles invoked to support this contention are: "A wrong reason will not vitiate a right judgment." And "The findings which control are the formal findings in the decree, not the discussion of the case by the court from the bench." Among the authorities cited to support this position are: *McMillan v. Harbert et al.,* 74 Colo. 161, 219 Pac. 1070; *Stough v. Reeves et al.,* 42 Colo. 432, 95 Pac. 958; *Ocean A. & G. Corp. Ltd. v. Joslin D. G. Co.,* 27 Colo. App. 52, 146 Pac. 790. However, each of these was a clear case of judgment in fact on the merits and in each the proposal was to invalidate for a bad reason. If judgment is on an erroneous conclusion of law and a correct conclusion would require the same result, or on an erroneous statement of fact and a correct statement would require the same result, or on a specific finding in the decree and a contrary statement in the bill would require a different result, the judgment will not be disturbed. Had this *record* disclosed the court's refusal to find on the facts, no presumption could be indulged that had he done so that finding would have been for the same

party with whom he held on the law. By the trial court's finding of fact on conflicting evidence we are bound. Here there are no formal findings in a decree and no inconsistency between the bill and the record. The latter discloses a finding for defendant, but whether on law or facts does not specifically appear therefrom. The former discloses a like finding, but further expressly states that it was on the law, not on the facts, and reveals the trial court's positive refusal to pass upon the facts and plaintiff's exception thereto, all of which was properly in the bill. If this, as seems clear, is correct, then the clerk's entry should be corrected to conform to the bill and the fact. No presumption arises from the foregoing that, had the court held otherwise on the law, he would have found for defendant on the facts, and we know of neither text nor authority so intimating. Therefore we answer that this was not a judgment on the merits.

The second question presented is, Was demand before suit essential to the maintenance of the action?

Defendant, by answer, denied plaintiff's title and right of possession, and asserted both in himself, but made no mention of demand. On the trial he testified:

"Q. Now Mr. Bohe, state what you said when the sheriff came to take the picture?

A. I was very much excited and I don't remember the statement I made.

Q. You said, 'If I had known an action was started you wouldn't have gotten the picture?'

A. I sure said that.

Q. You wouldn't have delivered it up to Mr. Scott if Mr. Scott had demanded it before that, would you?

A. No. sir."

From the foregoing it appears that demand was unnecessary for two reasons: (a) Where the defense is on the merits under a claim of superior right no demand is necessary. 34 Cyc. 1491; *Lamping v. Keenan,* 9 Colo. 390, 12 Pac. 434; *Denver L. S. Com. Co. v. Parks,* 41 Colo. 164, 91 Pac. 1110, 14 Ann. Cas. 814. (b) No demand is

necessary where it is clear that it would have been unavailing. *Lamping v. Keenan, supra.*

Defendant admits (a), but says as to (b) that this was a case of rescission of an executed contract of sale and tender of repayment of consideration was essential. This raises the following questions, i. e., Had plaintiff received anything which was returnable? If so, had tender been waived? If not had tender been made? These were expressly excluded from consideration by the trial court and we can not examine them.

The defense here was superior right, and demand would admittedly have been unavailing and would probably have resulted in defendant's placing the property beyond the reach of the court.

Lest one unacquainted with facts not hereinbefore recited get the impression that this case is a proper one for the application of the maxim de minimis non curat lex, we observe that while the consideration, if any, paid for this picture, was inconsiderable, and its true value is still problematical, that value is now admitted to be approximately $300, and, (should it develop on more painstaking and expert examination that the picture is, as it purports to be, the work of Franz Hals) there is testimony that it might run to $100,000 or beyond.

Our conclusion is that the trial court erred as to the law hence the judgment is reversed and the cause remanded for judgment on the merits. If this can be entered without additional evidence by the Judge who tried the cause it may be done upon this record.