NELSON C. RAND vs. PATRICK PORTER.

Suffolk.    January 7, 1936. — March 26, 1936.

Present: RUGG, C.J., CROSBY, FIELD, LUMMUS, & QUA, JJ.

*Contract, Option, Construction, Performance and breach, For lease.*

The owner, residing in New York, of premises in Boston, after receiving notice of the acceptance by a resident of Boston of an option to become a lessee, was entitled to a reasonable time to prepare, execute and forward a lease; and an action brought by the proposed lessee for a breach of the agreement of option only two days after the owner had notice of such acceptance, during which time the owner was endeavoring to complete the transaction, could not be maintained.

CONTRACT.    Writ dated July 8, 1931.

There was a trial in the Superior Court before *Swift*, J., who ordered a verdict for the defendant.    The plaintiff alleged exceptions.

*E. M. Shanley*, (*T. B. Shea* with him,) for the plaintiff.

*P. L. Keenan*, for the defendant.

CROSBY, J.    This is an action of contract brought upon an option in writing, dated June 5, 1931, for a lease of a garage situated in Charlestown.    The proposed lease was for a term of five years, at a rental of $4,000 per year, payable monthly in advance beginning June 5, 1931, with an option to renew the lease for a further period of five years at the same rental.    The agreement recites, in part, that "This option may be accepted by the party of the second part or his assigns within thirty days from the date of this instrument."    The defendant resided in New York City, but he signed the paper in Boston, and on the following day he wrote the plaintiff a letter stating, in substance, that due to the hurry they were in when the option was signed he had made an error of $500 in the rental to be charged, that the annual rental would be $4,500 instead of $4,000, that he could not afford a yearly loss of $500; and he also stated: "I am willing to compromise a small amount

because the mistake is mine but as the deal stands, it cannot go thru." By letter dated July 3, 1931, the plaintiff wrote the defendant as follows: "I hereby notify you that I accept the option given by you to me under date of June 5, 1931 whereby you are to lease to me the Junction Garage at 511 Main Street, Charlestown for a term of five years with an option to renew for a further period of five years at the same rental. As the option expires July 5, 1931 kindly have the papers prepared and executed at once as I am prepared to occupy immediately." This letter was sent by registered mail, and was received by the defendant July 4, 1931. It appears from exhibit 7, printed in the record, that the defendant on July 6, 1931, wrote Charles B. Fitz, a broker employed by him, requesting him to prepare a lease from the defendant to the plaintiff, with specific provisions which were to be embodied in the lease. The defendant in his letter stated that a copy of the option agreement was enclosed; and he directed that the lease when prepared should be sent to the plaintiff for his approval. As the option made and delivered by the defendant to the plaintiff is recited to be under seal, it is in effect a sealed instrument. G. L. (Ter. Ed.) c. 4, § 9A. *Alfano v. Donnelly*, 285 Mass. 554, 556. *Hayden* v. *Beane*, 293 Mass. 347. It does not appear that any response was made by the plaintiff to the defendant's letter of June 6, 1931. The plaintiff testified that he was willing to accept his rights under the option.

As the agreement was executed and delivered in this Commonwealth and was to be performed here, it is governed by the law of this Commonwealth. It is also manifest that the defendant was a resident of New York and was expected by the plaintiff to transact this business from New York. In the year 1931, July 4 fell on Saturday and July 5 on Sunday. The first day therefore, after receipt of the acceptance by the plaintiff, on which the defendant could be expected to prepare and deliver to the plaintiff a lease of the premises was on July 6, 1931, in view of all the evidence. The record shows that the defendant wrote from New York on July 6, 1931, to Charles B. Fitz, his broker in Boston,

to prepare a lease to the plaintiff in accordance with the option, to insert certain clauses which he stated should be embodied in the lease, and to send a copy to the plaintiff and to the defendant. Fitz testified that he received this letter on July 7, 1931, and telephoned to the plaintiff and read the defendant's letter to him, and then took the letter to Mr. McDonough, the defendant's attorney, to have him draw the lease. The plaintiff testified in substance that Fitz, the broker of the defendant, telephoned him "about the 8th of July," but he did not testify as to what was said, except that he had received a letter from the defendant on July 7, 1931. The only ground given by the plaintiff for treating the contract as broken by the defendant was stated in the record, on page 4, as follows: "It was up to them to have my lease and call me up before the expiration of the time. That's the way I always do business, with people, and I do business with big people and handle big properties. I intended to secure a lease of that garage when I wrote that letter, according to my option; waited to hear from Mr. Porter . . . ."

This action was brought July 8, 1931. For practical purposes the defendant did not receive the acceptance of the plaintiff until July 6, 1931. These facts are not in dispute. The burden of proof was on the plaintiff to show that the defendant did not act within a reasonable time to prepare, sign and tender to the plaintiff the lease, and that such time had expired on July 7, 1931. We are of opinion that, as matter of law, it cannot be found that the defendant did not act within a reasonable time. It may be assumed that the cause of action must have accrued before the day of the date of the writ in the absence of evidence. as to what hour of the day the writ was actually dated. *Estes* v. *Tower*, 102 Mass. 65. If the date of the writ be included (*Grimes* v. *Briggs*, 110 Mass. 446) the plaintiff cannot prevail.

In view of the nature of the transaction between the parties the defendant was not required to have a lease executed and ready for delivery in Boston on the instant the plaintiff notified the defendant in New York of his

acceptance of the option. Such was the plaintiff's concep-
tion of his right, as already shown and as argued. That
contention cannot be sustained. The plaintiff knew that
the defendant's broker Fitz was in Boston because he
signed the option in his office. He knew that the defend-
ant was in New York. The defendant was entitled to a
reasonable time for performance after receiving notice of
acceptance by the plaintiff. *Duchemin* v. *Kendall*, 149
Mass. 171. As a reasonable time had not elapsed after
the defendant was notified of the plaintiff's acceptance of
the option, and before the action was brought, it follows
that the entry must be

*Exceptions overruled.*