## No. 17,513.

SWAN *v.* ZWAHLEN.
(280 P. [2d] 439)

Decided February 21, 1955.

Mr. PAUL C. BROWN, for plaintiff in error.

Mr. PETER J. LITTLE, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE ALTER delivered the opinion of the Court.

MRS. D. HAROLD SWAN by her complaint sought judgment against Frances Zwahlen for damages allegedly resulting from an automobile collision. Defendant filed an answer in which she denied negligence on her part and a counterclaim in which she sought damages. Ultimately the case was tried to the court without the intervention of a jury, resulting in a judgment in favor of defendant on plaintiff's complaint and in favor of plaintiff on defendant's counterclaim. Plaintiff brings the case here by writ of error seeking a reversal of the judgment.

It is disclosed by the record that after the cause was at issue, plaintiff, on January 25, 1954, served on defendant a "Request for Admissions" and thereafter, and on February 4, 1954, there was filed in the district court an answer thereto, duly subscribed and sworn to by defendant. Subsequently, and on March 10, 1954, plaintiff filed her "Motion For Orders That Facts Be Taken as Established and For Summary Judgment," basing the same upon the statement that "Said purported Answer to Request for Admissions served upon plaintiff was not a sworn statement as required by Rule 36 of the Colorado Rules of Civil Procedure." Plaintiff filed an "Affidavit" on April 22, 1954, in support of the motion for summary judgment, attaching thereto a photostatic copy of defendant's answer to "Request for Admissions," which said answer bore defendant's name, and immediately thereafter appears the following: "Subscribed and sworn to before me this ............... day of January, A. D. 1954. Original duly acknowledged ........................... Notary Public."

The trial court, at a hearing on April 27, 1954, granted plaintiff's motion for summary judgment, dismissed defendant's counterclaim, and pertinent judgments were duly entered. Thereafter, and on May 14, 1954, the trial court entered an order setting aside the summary judgment, and stated, inter alia: "This order is made on the court's own motion without any suggestion or re-

quest from any one, and solely because the court believes that the drastic action of the court in granting the motion [for summary judgment] was not justified or warranted by the facts and circumstances, and is not the kind of action intended by the rules." Thereafter and on May 24, 1954, it amended its order of May 14, 1954, by striking therefrom certain parts thereof, and by order, nunc pro tunc, as of April 27, 1954, denied plaintiff's motion for summary judgment.

Trial was had, as we have said, to the court — the parties having waived a jury — resulting in a judgment being entered in favor of defendant on plaintiff's complaint and in favor of plaintiff on defendant's counterclaim.

Plaintiff's attorney in his brief states that the issue before this court is, "Did the Trial Court err in vacating its orders and judgment originally entered in favor of plaintiff and in overruling plaintiff's Motion for Orders that Facts be Taken as Established and For Summary Judgment?" In support of his position he relies solely upon the provisions of Rule 36, R.C.P. Colo., the pertinent part of which is as follows: "Each of the matters of which an admission is requested shall be deemed admitted unless, within a period designated in the request, not less than 10 days after service thereof or within such shorter or longer time as the court may allow on motion and notice, the party to whom the request is directed serves *upon the party requesting the admission either (1) a sworn statement* denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters."

In this Court no objection is raised to the answers as such, and it is admitted that defendant subscribed and swore to an original of the answers and filed the same in the office of the clerk of the district court, but the copy served upon plaintiff, although apparently sub-

scribed by defendant, contained a stamped notation "Original Duly Acknowledged."

Counsel for plaintiff, with commendable frankness, calls our attention to the opinion in *Hopsdal v. Loewenstein*, 7 F.R.D. 263, and states: "It was held exactly opposite to the contentions of the plaintiff herein in a case which appears to be very similar to the case at hand. * * *" Then he calls attention to the fact that this opinion has been criticized by text and encyclopedic writers. We quote the following from *Hopsdal v. Loewenstein, supra:* "It is further stated that the statement served upon plaintiff by defendant is not a sworn statement. Inspection of the answer shows that it was sworn to by Richard M. Loewenstein, as surviving trustee and as President of defendant corporation, and was properly notarized. It is true that plaintiff's copy of answer was not signed and notarized but it was a complete copy of the answer filed. Lack of adherence to formalities which do not result in prejudice should not interfere with the determination of the issues on the merits."

The decision in *Hopsdal v. Loewenstein, supra,* is the only one we have found directly on the point presented here, and notwithstanding criticism thereof, we believe that it announces a correct principle of law and one which certainly is in full conformity with our rules. Rule 1, R.C.P. Colo., provides, inter alia: "They [rules] shall be liberally construed to secure the just, speedy, and inexpensive determination of every action." Further, Rule 61, R.C.P. Colo., provides, inter alia: "The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." Rule 118 (f), R.C.P. Colo., provides, inter alia: "The Supreme Court shall disregard any error or defect not affecting the substantial rights of the parties." It appears that the verified answer to the "Request for Admissions" was filed in the district court on February 4, 1954; that copy, as noted, was served on plaintiff's attorney; that no

objection thereto appears to have been made until March 10, 1954; and there is no suggestion that plaintiff has been prejudiced in any manner whatever by reason of defendant's failure to serve a sworn statement. In *American Fidelity & Casualty Co. v. All American Bus Lines, Inc.,* 190 F. (2d) 234, Judge Bratton, one of the judges of the United Ctates Circuit Court of Appeals for the Tenth District, in speaking of the purpose of the Rules of Civil Procedure, stated: "The primary purpose of the new rules of federal procedure was to simplify and clarify procedure and to expedite ligitation. The rules indicate clearly a general policy to disregard narrow technicalities and to bring about the final determination of justiciable controversies without undue delay. And that being their purpose, they should be liberally construed."

The trial court, under the circumstances disclosed by the record, did not commit error in setting aside its judgment of April 27, 1954; accordingly, the judgment is affirmed.