## No. C-209

## Barbara Joyce Moses v. Robert Wayne Moses
(505 P.2d 1302)

Decided February 5, 1973.

Leland S. Huttner, P.C., for petitioner.

Johnson and Makris, P.C., Hans W. Johnson, for respondent.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

This is a proceeding in certiorari to review a decision of the Colorado Court of Appeals which affirmed the entry of a summary judgment in the Denver district court. *Moses v. Moses,* 30 Colo. App. 173, 494 P.2d 133. We reverse.

The summary judgment granted by the trial court evolved from the following proceedings, which we set out with some particularity. Petitioner and respondent were divorced in August of 1960. The divorce decree ordered the payment of alimony until such time as petitioner might remarry. On July 6, 1970, respondent filed his motion to reduce alimony, based upon a change of circumstances. This motion was set down for hearing on February 8, 1971.

On October 30, 1970, interrogatories and a request for admission addressed to petitioner were filed and served upon petitioner and her former counsel of record. Petitioner was living in Toronto, Canada, at that time. Counsel for respondent, being uncertain as to whether petitioner was represented by an attorney, wrote her a letter enclosing a copy of the interrogatories and request for admission, advising that they should be answered within thirty days and that the motion to reduce alimony was to be heard on February 8, 1971. The letter suggested the controversy might be settled and it invited settlement discussions with her.

The interrogatories were not answered and the request for admission was neither admitted nor denied within the time as required by C.R.C.P. 33 and 36. However, no effort was made by respondent's counsel to compel discovery as authorized by C.R.C.P. 37.

Petitioner did not retain counsel to represent her until December 31, 1970, and her counsel took no steps under the rules to obtain additional time in which to respond to the interrogatories and the request for admission.

The critical interrogatories and request for admission related to whether petitioner had in fact remarried since her divorce from respondent. If such in fact had occurred, as a matter of law, respondent under the terms of the divorce decree would be entitled to an order terminating all future alimony.

On January 18, 1971, petitioner's answers to the interrogatories were filed with the court. The critical questions as asked, and answers given in response thereto, were:

Question: "What is your marital status?"

Answer: "Divorced."

Question: "What is the name and address of your present husband?"

Answer: "None."

Question: "What is the name of your preceding husband?"

Answer: "Dr. Robert W. Moses, 785 Fillmore Street, Denver, Colorado."

These answers were given under oath administered by a notary public of the Province of Ontario, Canada.

On January 19, 1971, respondent's motion for summary judgment was filed, which requested a judgment terminating alimony payments. The motion was based upon the *implied admission* resulting from petitioner's failure to respond to respondent's request for admission: "That you have entered into a marriage subsequent to your divorce from Robert W. Moses."

Thereafter, on January 26, 1971, petitioner filed her answer to the request for admission, which denied that she had remarried since her divorce from respondent. The denial

was also under oath before the Ontario notary public.

Additionally, the record contains the affidavit of petitioner's counsel, filed with his answer to the motion for summary judgment, in which he avers that counsel for respondent was advised of the fact that petitioner had never remarried subsequent to her divorce from respondent.

Hearing was held on February 8, 1971, and the court granted respondent's motion for summary judgment. The court commented from the bench that he felt petitioner had been "stalling" in not responding to the interrogatories or request for admission within the time limits provided by the rules. Thereafter, a written order was entered by the court. Pertinent findings of the order granting summary judgment were:

"4. That the plaintiff did not respond in any way to this Request For Admission within the time permitted by the Colorado Rules of Civil Procedure; hence, it is deemed admitted.

"5. That the plaintiff waited until December 31, 1970, before retaining other legal counsel, and a response to the Request For Admission was not filed until several days after the Motion For Summary Judgment was filed.

"6. That there is no valid evidence that is satisfactory to the Court which contradicts or rebuts the admission created by plaintiff's failure to admit or deny the Request For Admission within the time permitted by the Colorado Rules of Civil Procedure.

"7. The Court further finds that there is no genuine issue of material fact remaining for determination, and, therefore, defendant is entitled to judgment pursuant to his Motion For Summary Judgment."

We hold the court erred in granting the summary judgment. As we view the record, it contained responses to discovery which, although technically not in compliance with the Rules of Civil Procedure in that they were not timely filed, demonstrated a disputed issue concerning the material fact of remarriage. In view of the doubt as to the existence of the fact of remarriage, the motion for summary judgment

should have been resolved against the movant. A litigant is entitled to have disputed facts determined by trial, and it is only in the clearest of cases, where no doubt exists concerning the facts, that a summary judgment is warranted. *McKinley Construction Co. v. Dozier,* 175 Colo. 397, 487 P.2d 1335; *McCormick v. Diamond Shamrock Corp.* 175 Colo. 406, 487 P.2d 1333; *Credit Co. v. Guaranty Bank,* 143 Colo. 393, 353 P.2d 1098; *Smith v. Mills,* 123 Colo. 11, 225 P.2d 483.

■ The apparent basis of the trial court's ruling was the "out of time" filing of the interrogatory answers and the denial to the admission. We note that the trial court did not in its ruling from the bench or in its written findings and order allude to the answers to the interrogatories, which in our view clearly raised an issue of fact as to the remarriage. It is not clear why the answers to the interrogatories were ignored by the court, although counsel for respondent suggests in his brief that the jurat to the answers was legally insufficient and the court was therefore entitled to disregard them. The court did not rule on this particular contention and we are not called upon to do so here. We do observe, however, that when answers to interrogatories are not made, or are defective in some particular, the remedy is to compel proper answers under C.R.C.P. 37. One may not expect an answer on file to be disregarded by the court on the basis of technical defects unless he has properly raised the defects for consideration by the court.

■ Concerning the request for admission and the late filing of the denial, the effect of the court's ruling is that failure to deny within the procedural time limit creates a non-rebuttable presumption of the truth of the admitted fact. This is contrary to the rationale expressed in *McGee v. Heim,* 146 Colo. 533, 362 P.2d 193, where it was held that an implied admission under the rule may be contradicted and rebutted by other evidence. The present case is not one such as *Cox v. Pearl Invest. Co.,* 168 Colo. 67, 450 P.2d 60, or *McGee v. Hein, supra,* where there was a total failure to respond to the request for admission.

We observe that it would have been more appropriate for petitioner's counsel to move for a late filing under the rules. Rule 36(b) contemplates the withdrawal and amendment of admissions where no prejudice is demonstrated. Likewise, late filings may be permitted where no prejudice is shown. *Palzer v. Serv-U Meat Co.,* 419 P.2d 201 (Supreme Court, Alaska 1966); *French v. United States,* 416 F.2d 1149 (9th Cir. 1969); *Moosman v. Joseph Blitz, Inc.,* 358 F.2d 686 (2nd Cir. 1966); *Kelly v. Harris,* 158 F. Supp. 243; *Hopsdal v. Loewenstein,* 7 F.R.D. 263; *Jackson v. Kotzebue Oil Sales,* 17 F.R.D. 204.

While we do not condone unjustified delay in complying with procedural requirements, to apply a strict technical application of time requirements in this case appears to be a punitive disposition of the litigation, resulting in an arbitrary denial of substantial justice to petitioner, contrary to the spirit of the Rules of Civil Procedure as expressed in *Swan v. Zwahlen,* 131 Colo. 184, 280 P.2d 439. The Court there held the Rules of Civil Procedure should be liberally construed and that technical errors or defects in proceedings not affecting the substantial rights of parties should be disregarded.

The judgment is reversed and the cause remanded with directions to vacate the summary judgment and for further proceedings consonant with the views expressed herein.