Luciano Mike CORTEZ, Plaintiff,

v.

William L. BROKAW, Defendant and
Third-Party Plaintiff-Appellant,

v.

Carl WINCHESTER, Third-Party
Defendant-Appellee.

No. 80CA0797.

Colorado Court of Appeals,
Div. II.

May 7, 1981.

Rehearing Denied June 4, 1981.

Towey & Zak, James G. Benjamin, Denver, for defendant and third-party plaintiff-appellant.

Larry E. Lawler, Denver, for third-party defendant-appellee.

VAN CISE, Judge.

Judgment was entered in favor of Carl Winchester (the employee) against William L. Brokaw (the employer) for unpaid wages, an additional 50% of the wages as a penalty under § 8–4–104, C.R.S.1973, and reasonable attorney's fees under § 8–4–114, C.R.S. 1973, less a set-off of certain personal expenses owed by the employee to the employer. The employer appeals the trial court's assessment of a penalty on the unpaid wages and its failure to enter judgment in his favor on his negligence claim against the employee. We affirm.

The employee was hired to drive a truck on an interstate trip. The truck was leased by the employer from Luciano Cortez. While on the trip, the truck's engine burned out from a lack of oil. Cortez commenced an action against the employer for the damage to the engine, and the employer filed a third party complaint against the employee alleging that the employee's negligence in not maintaining the oil level had caused the engine failure.

In a separate action against the employer, the employee sought unpaid wages due to him for making the trip. The employer affirmatively defended that he was entitled to a set-off for the repair costs attributable to the engine failure.

The two cases were consolidated and a stipulated judgment in favor of Cortez and against the employer was entered for the engine repair costs.

In the continuing action between the employee and the employer, a request for admissions was mailed to the employee's attorney on March 25, 1980. On May 30, 1980, the day of trial, the employer, having received no response, filed a motion for summary judgment, relying upon the automatic admission of the requests resulting from the employee's failure to respond. On the same day, the employee filed a response denying the requested admissions. The employee's attorney had made no motion for an extension of time, see C.R.C.P. 6(b), nor, when the response was filed, was any motion made to allow the late filing or for withdrawal or amendment of the implied admissions. See C.R.C.P. 36(b).

The matter then proceeded to trial on May 30, with the court allowing introduction of evidence contradictory to the requested admissions. In denying the employer's motion for summary judgment, the court stated:

"A party is not entitled to summary judgment merely because he submits requests for admissions as to the factual issues which are not responded to within 30 days. Even though [C.R.C.P. 36] provides that admissions not denied within 30 days are deemed to be admitted, evidence must be adduced to establish claims set forth in the pleadings; and the party failing to answer may submit contradictory evidence."

The court then entered judgment in favor of the employee.

I.

On appeal, the employer first contends that the trial court erred in denying his motion for summary judgment and, at the trial, in making findings and conclusions adverse to the matters that were admitted because of failure timely to deny the request for admissions. Although we disagree with the court's reasoning, the result it reached was correct. See *Scott v. Bohe*, 81 Colo. 454, 256 P. 315 (1927).

C.R.C.P. 36(a) and (b), provide in pertinent part:

"The matter is admitted unless, within thirty days after service of the request, . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection . . . .

. . . .

"Any matter admitted under this Rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission."

Hence, by this rule, a matter admitted by a failure timely to respond is *conclusively established*. And, contrary to the ruling of the trial court, admitted matters can constitute an adequate showing for

summary judgment without the necessity of producing further supportive evidence. See *Cox v. Pearl Investment Co.*, 168 Colo. 67, 450 P.2d 60 (1969).

The trial court also erred in stating that the party failing to answer may submit contradictory evidence. Prior to revision of the Rules of Civil Procedure in 1970, an admission had the same effect at trial as sworn testimony and, therefore, could be contradicted, rebutted, or explained, with its ultimate worth being left to the trier of fact. See *McGee v. Heim*, 146 Colo. 533, 362 P.2d 193 (1961). But, under the revised wording of the rule, matters admitted under the rule are "conclusively established."

■ Nevertheless, *Moses v. Moses*, 180 Colo. 397, 505 P.2d 1302 (1973), which concerned proceedings subsequent to the effective date of the 1970 rule revision, mandates affirmance of the trial court's denial of the summary judgment motion. In *Moses*, summary judgment was entered based on admissions created by a failure to respond within the 30 days prescribed by the rules, even though a denial was filed within 90 days and before the scheduled trial date. In reversing the trial court and setting aside the summary judgment, the Supreme Court held:

> "We observe that it would have been more appropriate for petitioner's counsel to move for a late filing under the rules. Rule 36(b) contemplates the withdrawal and amendment of admissions where no prejudice is demonstrated. Likewise late filing may be permitted where no prejudice is shown. . . .
> "While we do not condone unjustified delay in complying with procedural requirements, to apply a strict technical application of time requirements in this case appears to be a punitive disposition of the litigation, resulting in an arbitrary denial of substantial justice to petitioner, contrary to the spirit of the Rules of Civil Procedure. . . . [T]he Rules of Civil Procedure should be liberally construed and . . . technical errors or defects in proceedings not affecting the substantial rights of parties should be disregarded."

Here, although there is no motion of record, the trial court allowed the late filing, and the employer has demonstrated no prejudice. There is nothing in the record on appeal showing any request for trial continuance made or denied after the court had ruled adversely to the employer on the summary judgment motion.

## II.

■ The employer next contends that the trial court erred in assessing an additional 50% penalty on the unpaid wages pursuant to § 8–4–104, C.R.S.1973. We disagree.

The court found that the employer had no "legally justifiable good-faith reason" for failing to pay the wages due to the employee. The determination of good faith is a matter for the trial court. See *Brogan v. Bill Eger Motors, Inc.*, 39 Colo.App. 104, 561 P.2d 377 (1977). Having no transcript, we are unable to review the basis for, or to take any action other than to uphold, the court's finding.

## III.

■ Finally, the employee contends that he is entitled to reasonable attorney's fees incurred on appeal. Based on § 8–4–114, C.R.S.1973, and *Hartman v. Freedman*, 197 Colo. 275, 591 P.2d 1318 (1979), we agree. Therefore, on remand, the trial court should determine and award to the employee a reasonable attorney's fee for his counsel's services on this appeal.

The judgment is affirmed and the cause is remanded for further proceedings consistent with the views expressed herein.

PIERCE and KELLY, JJ., concur.