**In re the MARRIAGE OF Pemie WILSON, Appellant,**

and

**Homer B. Wilson, Appellee.**

**No. 82CA0330.**

Colorado Court of Appeals, Div. I.

Sept. 16, 1982.

Wollrab & Younghams, P.C., J. Bruce Teichman, Boulder, for appellant.

Yarbrough & Rees, Kent L. Yarbrough, Donley K. Rees, Craig, for appellee.

COYTE, Judge.

Wife appeals from an order of the trial court dismissing her petition for dissolution of marriage and refusing to adjudicate a property division between the parties. We reverse.

In 1981 the wife filed a petition for dissolution of the marriage and served husband by publication. She filed a motion to consolidate the dissolution action with a quiet title action currently pending on property the parties owned in Colorado. Husband entered a limited appearance contesting the personal jurisdiction of the court and filed a motion to dismiss the wife's petition alleging that he had obtained a decree of dissolution of marriage in Illinois in 1979. In his motion, husband stated that he had served wife by publication in the Illinois action since he was unable to reach her at her last known address in Arizona. The court granted husband's motion to dismiss.

After the court had granted husband's motion to dismiss on January 25, 1982, wife mailed an affidavit on January 26 which was filed on January 28, stating that she had no notice of the Illinois proceeding and that at all times relevant to the Illinois action, husband had been in communication with her at her residence in Colorado. She alleged that husband had committed fraud on the Illinois court and that therefore the Illinois decree was void. The court denied her motion to set aside the order of dismissal and this appeal followed.

Wife now contends that the trial court erred in dismissing her petition for dissolution of marriage upon allegations of a prior Illinois decree when the court refused to permit inquiry into the validity of the Illinois case. We agree.

■ Fraud relative to service by publication operates to void a divorce decree. As stated in *Coppinger v. Coppinger,* 130 Colo. 175, 274 P.2d 328 (1954):

"In the motion and affidavit [for publication] the applicant must be forthright and explicit in setting forth all the pertinent facts in order that the court may have before it the complete picture to enable correct evaluation and determination of whether service by publication is justified or required under the circumstances. Anything short of the full disclosure of all known pertinent facts is designated in law as a fraud on the court and renders void any decree thereafter entered."

Although husband does not dispute that the Colorado courts have authority to declare a Colorado judgment void if jurisdiction is obtained fraudulently, he contends that the Illinois, not the Colorado, court should determine the validity of its own decree. We disagree.

As stated in *Tucker v. Vista Financial Corp.,* 192 Colo. 440, 560 P.2d 453 (1977): "Under *U.S. Const.* Art. IV, § 1, full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state. However, if the foreign judgment was rendered without jurisdiction of the person, it is void and therefore not enforceable here. [citations omitted]. We must therefore determine if California exercised jurisdiction consistent with due process." *See Davis v. Davis,* 70 Colo. 37, 197 P. 241 (1921).

■ Here, wife's affidavit set forth allegations which required the trial court to investigate the circumstances surrounding the Illinois decree. If these facts are substantiated, then the decree in Illinois would not be entitled to be given full faith and credit in this state because of the husband's fraud upon the Illinois court. *Williams v. North Carolina,* 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577 (1944); *Tucker v. Vista Financial Corp., supra.* Consequently, the trial court erred in refusing to reconsider its order of dismissal without first allowing a record to be made as to the validity of the Illinois decree. *Koscove v. Koscove,* 113 Colo. 317, 156 P.2d 696 (1945).

Wife also contends that the court erred in refusing to consider her response to husband's motion to dismiss because her response had not been timely filed.

A chronology of events demonstrates that when husband's motion to dismiss was

served upon wife on January 8, 1982, husband did not attach any of the annexed exhibits which he had attached to the copy which he filed with the court. Wife did not receive the exhibits until January 12, 1982, and mailed a memorandum opposing the motion to dismiss on January 26, 1982. The memorandum was not received until January 28, 1982.

Although husband mailed a letter to the court advising it of the omissions in the motion which he had served upon the wife, the court was apparently unaware of this problem. Accordingly, when fifteen days had elapsed from the date of the original filing, the court entered an order dismissing the case on January 25. The court refused to reconsider its order even when it received wife's motion and affidavit setting forth facts relative to the late filing and to husband's fraud upon the Illinois court.

Under local district court rule 4, proper affidavits and documentation are required to be served on opposing counsel. That rule further provides a time limit of fifteen days for a party to file a response to such a motion and specifies that the court may consider the lack of such timely filing a confession of the motion.

As stated in *Moses v. Moses,* 180 Colo. 397, 505 P.2d 1302 (1973):

"While we do not condone unjustified delay in complying with procedural requirements, to apply a strict technical application of the requirements in this case appears to be a punitive disposition of the litigation, resulting in an arbitrary denial of substantial justice to petitioner, contrary to the spirit of the Rules of Civil Procedure as expressed in *Swan v. Zwahlen,* 131 Colo. 184, 280 P.2d 439. The Court there held the Rules of Civil Procedure should be liberally construed and that technical errors or defects in proceedings not affecting the substantial rights of parties should be disregarded."

■ Here, wife's delay in filing her motion was caused, at least in part, by husband's service of his motion without the attached documents. Moreover, local rule 4 does not make confession of husband's mo-

tion mandatory even if a timely response is not filed. Even though the response was not filed until January 28, in view of the circumstances of this case, and the serious nature of wife's allegations that husband committed fraud upon both the Illinois court and upon her the trial court abused its discretion in refusing to reconsider its order of dismissal once it had wife's response before it. *Moses v. Moses, supra.*

■ Wife last contends that, notwithstanding the validity or invalidity of the Illinois decree, the Colorado court nonetheless had jurisdiction to divide property not divided by the Illinois court, and thus, the trial court erred in failing to retain jurisdiction over this action to divide the assets of the parties. We agree.

Since it is undisputed that the Illinois court did not have personal jurisdiction over the wife at the time it entered the decree of dissolution, even if that decree is found to be valid, the Illinois court could not adjudicate the wife's interest in maintenance or in property not located in Illinois. *Harrod v. Harrod,* 34 Colo.App. 172, 526 P.2d 666 (1974).

As the trial court here had jurisdiction to divide property of the parties by virtue of the fact that the property was located in Colorado, notwithstanding husband's limited appearance contesting jurisdiction, it could properly adjudicate the rights of the parties with respect to property owned by them in Colorado. *Ramsey v. Ramsey,* 34 Colo.App. 338, 526 P.2d 319 (1974); § 14–10–113(1), C.R.S.1973 (1981 Cum.Supp.).

Consequently, the trial court erred in not retaining jurisdiction over the matter to adjudicate these property rights.

The judgment is reversed and the cause is remanded with directions to reinstate the wife's complaint.

SMITH and KELLY, JJ., concur.