**In re Maria SEMENTAL, Petitioner,**

**v.**

**DENVER COUNTY COURT, SMALL CLAIMS DIVISION; Joe Billett, one of the Magistrates thereof; and Johnnie B. Peters, Respondents.**

**No. 98SA464.**

Supreme Court of Colorado,
En Banc.

April 26, 1999.

Kenneth A. Padilla, Denver, Colorado, Attorney for Petitioner.

Morris B. Hoffman, Denver District Court Judge, Denver, Colorado.

Justice RICE delivered the Opinion of the Court.

This proceeding concerns the application of C.R.C.P. 520(b). In this original proceeding brought pursuant to C.A.R. 21, petitioner Maria Semental seeks a writ prohibiting the district court from enforcing an order dis-

missing her motion to transfer her case from small claims court to county court so that she could be represented by counsel. C.R.C.P. 520(b) requires a small claims court defendant to file a motion for transfer "not less than seven days before the appearance date." The petitioner argues that the district court erroneously interpreted the foregoing language as barring her from filing a motion for transfer at least seven days before her continued appearance date. We issued a rule to show cause, which we now make absolute.

## I.

Following an automobile accident, the petitioner herein was named as the defendant in a lawsuit filed by respondent Johnnie B. Peters in the small claims division of the Denver County Court. The notice which advised the petitioner of the claim against her was written entirely in English. Significantly, the petitioner is a monolingual Spanish-speaker, who cannot read, write, or speak English. Only with the help of an acquaintance was she able to discern that she needed to appear at the City and County of Denver Small Claims Court on October 21, 1998.

Although the petitioner was accompanied to this October 21 proceeding by a friend whom she hoped would be able to translate, the friend's assistance proved ineffective. As a result, the petitioner did not understand what was being said or done at the proceeding. Recognizing the petitioner's inability to understand English, the presiding Small Claims Division magistrate, Joe Billett (magistrate), continued the case in order to give the petitioner time to file a responsive pleading and to pay the filing fee. The magistrate also provided the petitioner with a list of qualified interpreters she could hire, so that she could understand what was being said and done in the proceedings against her. The petitioner's case was then reset for trial on November 19, 1998.

Soon thereafter, the petitioner decided to hire a bilingual attorney to handle her case. On November 12, 1998, seven days prior to the continued appearance date, petitioner's counsel filed a motion to transfer the action to county court pursuant to C.R.C.P. 520(b). As C.R.C.P. 520(a) bars attorneys from appearing on behalf of any party in small claims court, the petitioner was required to file this motion before she could be represented by counsel.

It was not until petitioner's counsel attempted to enter an appearance at the continued proceeding on November 19, 1998 that the magistrate ruled on the petitioner's motion for transfer. At that time, the magistrate denied petitioner's motion, holding that it was untimely filed under C.R.C.P. 520(b).

The county court subsequently rejected the petitioner's appeal of the magistrate's denial of her motion to transfer. Thereafter, the petitioner filed a complaint in the Denver District Court under C.R.C.P. 106(a)(4), wherein she requested an order staying the small claims court proceedings and transferring her case to county court. The district court denied the petitioner's motion.

## II.

C.R.C.P. 520(b) sets forth the following standard for motions seeking to transfer claims from small claims court to county court when attorney representation is requested:

> (1) On the written request of the defendant, ... *filed not less than seven days before the appearance date,* and only upon the ground that the defendant desires and will in fact have representation by an attorney, and upon payment of the appropriate county court defendant's docket fee, the clerk of the small claims court *shall transfer* the action to the county court. The clerk shall immediately notify the plaintiff of the transfer, and the notice of transfer shall advise the plaintiff of the plaintiff's right to counsel. Thereupon, the plaintiff may be represented by an attorney if the plaintiff so chooses. (2) If such request to transfer is not filed at least seven days *before the date set for appearance in the small claims court,* an attorney shall not appear and the matter shall not be transferred to the county court.

(Emphasis added.)

C.R.C.P. 520(b)'s filing deadline, which requires a defendant in small claims court to

file a motion for transfer "not less than seven days before the appearance date," lies at the heart of this dispute. The district court held that this language requires small claims court defendants to file motions for transfer at least seven days in advance of their *first* scheduled appearance.[1] In support of its conclusion, the district court relied solely upon the "mandatory nature of the seven-day deadline" language in C.R.C.P. 520(b).[2] Given this interpretation of the rule's language, the district court concluded that the magistrate had properly exercised his discretion in denying petitioner's motion because it "was filed some three weeks *after* the appearance date, and was therefore approximately four weeks late." (Emphasis in original.) The district court concluded by making the following observation:

> [T]he clear and forceful language throughout Rule 520 represents our Supreme Court's judgment that ... concerns [such as whether a non-English speaking small claims litigant was unaware of the seven-day deadline until long after it had expired] are outweighed by the strong policy of keeping small claims courts timely, efficient and affordable methods of resolving minor disputes, and the corollary that small claims litigants, regardless of their level of understanding, have an obligation to educate themselves about their rights to counsel and transfer before the appearance date.

On appeal, the petitioner argues that the district court erred by adopting an overly restrictive interpretation of C.R.C.P. 520(b)'s "appearance date" language. Specifically, the petitioner contends that this general "appearance date" language should have been interpreted as allowing her to file a motion for transfer at least seven days before her *continued* appearance date. Petitioner maintains that this interpretation of C.R.C.P. 520(b) is particularly reasonable in situations such as this one where a small claims court

continues a trial on its own motion in order to give the petitioner time to file a responsive pleading, to pay the filing fee, and to secure the assistance of a translator. We agree.

This court has original jurisdiction under C.A.R. 21 to review whether the district court abused its discretion in circumstances where a remedy on appeal would prove inadequate. *See, e.g., Kourlis v. District Court,* 930 P.2d 1329, 1330 n. 1 (Colo.1997); *Hawkinson v. Biddle,* 880 P.2d 748, 748 (Colo. 1994).

Small claims court procedures have been tailored with an eye toward the prompt and inexpensive resolution of disputes involving limited dollar amounts. However, these two interests do not necessarily surpass all other concerns. In fact, C.R.C.P. 501(b) expressly provides that the Colorado Rules of Procedure for Small Claims Courts, C.R.C.P. 501 *et seq.,* are to be "liberally construed to secure the *just, speedy and inexpensive* determination of every action." C.R.C.P. 501(b) (emphasis added); *see also* C.R.C.P. 1(a); *Moses v. Moses,* 180 Colo. 397, 402, 505 P.2d 1302, 1305 (1973).

A review of the district court's order reveals that it emphasized the importance of the timely and inexpensive resolution of small claims, at the expense of an equally important concern: the tenet that requires courts to construe procedural rules in a manner which ensures the just determination of every action. *See* C.R.C.P. 501(b); *see also* C.R.C.P. 1(a). We discussed the interaction between procedural deadlines and this concern for the just resolution of actions in *Moses v. Moses,* 180 Colo. 397, 505 P.2d 1302 (1973). Therein, we held that the strict technical application of procedural filing deadlines is to be avoided in cases where it would result in a punitive disposition of litigation and an arbitrary denial of substantial justice contrary to the spirit of the Rules of Civil

---

**1.** While the district court did not explicitly address the parameters of the "appearance date" language in C.R.C.P. 520(b), its finding to this effect is implicit in its dismissal of the petitioner's motion.

**2.** For example, the district court found the concluding sentence of the rule particularly compel-

ling. *See* C.R.C.P. 520(b)(2) (providing that "[i]f such request to transfer is not filed at least seven days before the date set for appearance in the small claims court, an attorney shall not appear and the matter shall not be transferred to the county court").

Procedure. *See id.* at 403, 505 P.2d at 1305; *see also Swan v. Zwahlen,* 131 Colo. 184, 280 P.2d 439, 441 (1955) (citing *American Fidelity & Cas. Co. v. All Am. Bus. Lines, Inc.,* 190 F.2d 234, 236–37 (10th Cir.1951) for the proposition that the Rules of Civil Procedure clearly indicate a general policy to disregard narrow technicalities).

The issue before the district court was not whether the seven-day deadline was permissive, but whether the filing deadline was continued by the magistrate. Generally, the trial is held on the same day as the appearance. However, a continuation of the trial is explicitly permitted. *See* C.R.C.P. 512(a). Although there is no specific provision for a continuation of the appearance date, we must liberally construe the rules to assure that the determination of an action is not only speedy and inexpensive, but also just. We conclude that it is within the discretion of the magistrate to continue the appearance date.

Here, the magistrate continued the case for several purposes in addition to trial. Because the rules provide that the trial is held on the appearance date unless continued, *see* C.R.C.P. 512(a), when the case is continued for purposes other than trial, it is the appearance date itself which has been continued. When the "appearance date" language of C.R.C.P. 520(b) is viewed against the backdrop of the applicable liberal construction mandate, the error in the district court's overly restrictive interpretation of C.R.C.P. 520(b) becomes apparent. We find that the magistrate effectively continued the petitioner's "appearance date" for purposes of C.R.C.P. 520(b) during the initial October 21, 1998 appearance date. Hence, as of the time that the petitioner filed her motion for transfer on November 12, 1998, she was in compliance with the express terms of C.R.C.P. 520(b).

In sum, we hold that a small claims court may continue an appearance date, the trial, or both, for good cause. Further, when the court continues the appearance date, the court must also recognize a defendant's right to file a motion to transfer pursuant to C.R.C.P. 520(b) so long as said motion is filed at least seven days prior to the continued appearance date.

III.

Given the liberal interpretation afforded to procedural rules, we conclude that the district court abused its discretion by dismissing petitioner's motion for transfer as untimely filed under C.R.C.P. 520(b) and that an appellate remedy would be inadequate herein. Accordingly, we make the rule to show cause absolute and direct the district court to grant the petitioner's motion for transfer to county court.