**Jack J. GRYNBERG, d/b/a Grynberg Petroleum Company, Plaintiff–Appellant,**

v.

**David James KARLIN and Kenneth David Rickel, Defendants–Appellees.**

No. 04CA1948.

Colorado Court of Appeals.
Division III.

March 23, 2006.

Michael W. Coriden, Ilona L. Dotterrer, Greenwood Village, Colorado, for Plaintiff–Appellant.

Kutner Miller, P.C., Jenny M.F. Fujii, Denver, Colorado, for Defendant–Appellee David James Karlin.

Birge & Minckley, P.C., Thomas D. Birge, Carla B. Minckley, Denver, Colorado, for Defendant–Appellee Kenneth David Rickel.

LOEB, J.

Plaintiff, Jack J. Grynberg, d/b/a Grynberg Petroleum Company, appeals the summary judgment in favor of defendants, David James Karlin and Kenneth David Rickel. We affirm.

This case arises out of the customer-stock-broker relationship between Grynberg and Karlin and Rickel (and their brokerage firms, which are not parties to this appeal). In May 2002, Grynberg sued Karlin, Rickel, and the brokerage firms to recover on an alleged oral stop-loss warranty in connection with his purchase of 10,000 shares of Bell Technology Group Ltd. in July 1997. Grynberg alleged that defendants agreed to protect him from any loss if the value of the shares fell below the purchase price. The parties agreed that Grynberg's claims accrued in September 1997, when Karlin sold 2000 shares of the stock below the agreed-upon stop-loss price, that is, at a price lower than the original purchase price. Thereafter, Grynberg sold the remaining 8,000 shares, also below the original purchase price.

Grynberg demanded that defendants reimburse him for his losses, which he calculated as $49,642. He claimed that Rickel and Karlin orally acknowledged the debt and promised to make periodic payments and that, in March 1998, Karlin subsequently paid Grynberg $5,000 toward the alleged debt. Rickel and Karlin contended that the $5,000 pay-

ment was made pursuant to the parties' agreement to settle all claims concerning the 10,000 shares.

In June 2004, Rickel filed a motion for summary judgment, in which Karlin joined, contending that (1) Grynberg's claims were barred by the three-year statute of limitations, as set forth in § 13–80–101(1)(a), C.R.S.2005, and (2) Grynberg had failed to respond to requests for admission, the facts stated in the requests were thus admitted as a matter of law, and therefore, the court should enter summary judgment in defendants' favor.

After briefing and a hearing, the district court granted the motions for summary judgment, concluding that (1) Grynberg's claims were barred by § 13–80–101(1)(a), and alternatively, (2) Karlin's and Rickel's "requests for admission are deemed admitted for [Grynberg's] failure to timely answer, including admissions that promises were not made to repay any sums of money." This appeal followed.

## I.

Grynberg contends that the district court erred by granting Karlin's and Rickel's motions for summary judgment based on his deemed admission of requests for admission without specifically addressing his motion for withdrawal or amendment of his admissions. We disagree.

A trial court may enter summary judgment when no disputed issue of material fact exists and the moving party is entitled to judgment as a matter of law. We review summary judgments de novo. *Bruce v. City of Colorado Springs*, 131 P.3d 1187 (Colo. App. No. 04CA1572, Dec. 15, 2005).

C.R.C.P. 36(a) provides in pertinent part:

Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing pursuant to C.R.C.P. 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to

the matter, signed by the party or by the party's attorney.

C.R.C.P. 36(b) provides as relevant here:

Any matter admitted under this Rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Rule 16 governing amendment of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.

█ When a party fails to respond in a timely way to a request for admission, it admits the relevant subject matter of the request. *Lionelle v. S.E. Colo. Water Conservancy Dist.*, 676 P.2d 1162, 1167 (Colo. 1984); *Cox v. Pearl Inv. Co.*, 168 Colo. 67, 72, 450 P.2d 60, 62 (1969); *Engel v. Engel*, 902 P.2d 442, 446 (Colo.App.1995). These admissions may then be used to support a summary judgment. *See Lionelle v. S.E. Colo. Water Conservancy Dist., supra; Cox v. Pearl Inv. Co., supra; see also Trautman & Shreve, Inc. v. Mead & Mount Constr. Co.*, 163 Colo. 308, 430 P.2d 474 (1967).

█ We review a district court's decision to deny a motion to withdraw or amend a C.R.C.P. 36 admission for abuse of discretion. *See Am. Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1119 (5th Cir.1991)(interpreting Fed. R.Civ.P. 36(b), which is, as pertinent here, identical to C.R.C.P. 36(b)); *999 v. C.I.T. Corp.*, 776 F.2d 866, 869 (9th Cir.1985)(same); *see also Leaffer v. Zarlengo*, 44 P.3d 1072, 1080 (Colo.2002)(federal cases interpreting an identical federal rule of procedure are highly persuasive); *Brown v. Silvern*, —— P.3d —— (Colo.App. No. 04CA1074, Dec. 1, 2005)(discovery sanctions are within the discretion of the district court, and its decision will not be reversed absent an abuse of that discretion).

A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or

unfair. *People v. Strean*, 74 P.3d 387, 391 (Colo.App.2002).

■ Trial courts should be cautious in exercising their discretion to permit withdrawal or amendment of an admission. *See 999 v. C.I.T. Corp., supra; Donovan v. Carls Drug Co.*, 703 F.2d 650, 652 (2d Cir.1983)("Because the language of the Rule is permissive, the court is not required to make an exception to Rule 36 even if both the merits and prejudice issues cut in favor of the party seeking exception to the rule."), *rejected on other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 n. 10, 108 S.Ct. 1677, 1681, 100 L.Ed.2d 115 (1988); 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2264 (2d ed. 2005)("There is force to the argument that the courts should be cautious in permitting the withdrawal or amendment of admissions."). "Unless the party securing an admission can depend on its binding effect, he cannot safely avoid the expense of preparing to prove the very matters on which he has secured the admission, and the purpose of the rule is defeated." 8A Wright, *supra*, § 2264 (citing Advisory Committee Note to 1970 Amendments of Rule 36(b)).

Here, the record reflects the following chronology of events. On April 2, 2004, Rickel served written discovery requests on Grynberg, which included the following requests for admission:

(3) Admit that the $5,000.00 check dated March 24, 1998 attached to your Amended Complaint as Exhibit 2 was made to you pursuant to your agreement to settle all claims concerning the 10,000 Bell Technology Group Ltd. shares that are the subject of this action.

(5) Admit that Defendant Rickel never made any promise to repay any sums of money to you.

Grynberg failed to respond to any of the discovery requests within the time prescribed by C.R.C.P. 33, 34, and 36. On May 6, counsel for Rickel sent an e-mail message to Grynberg's counsel, reminding him, "[W]e have not received responses to our discovery due this past Monday." Grynberg neither responded to the discovery requests nor filed a motion for extension of time to do so.

On June 9, Rickel filed his motion for summary judgment, asserting, inter alia, that Grynberg's failure to respond to the requests for admission resulted in the requests being deemed admitted as a matter of law. Specifically, Rickel asserted in his motion that, because the factual propositions set forth in requests for admission 3 and 5 were deemed admitted, he was entitled to summary judgment on Grynberg's claims as a matter of law. Karlin joined in the motion for summary judgment on June 23, arguing that, as applied to him, Grynberg had admitted the factual matters set forth in request for admission 3.

On June 24, Grynberg filed a brief in response to defendants' motions for summary judgment, citing "logistical problems outside of [his] counsel's control" as the reason that "[Grynberg] has not been able to submit his responses to counsel for Defendants." Grynberg attached his own affidavit to the brief, but still did not respond to any of the discovery requests, including the requests for admission.

Karlin and Rickel each filed a reply brief in support of their motions for summary judgment, pointing out that Grynberg still had not responded to the requests for admission.

Two days before the scheduled hearing on the motions, Grynberg filed a C.R.C.P. 36(a) motion for withdrawal or amendment of admission, in which he requested permission to withdraw or amend any admission deemed to have been admitted by his failure to respond to the requests for admission. However, Grynberg still did not respond to the requests themselves.

At the hearing, the district court confirmed that written discovery requests had been served on Grynberg and that Grynberg had not responded to the requests. The court asked Grynberg's counsel if it was correct that, rather than responding to the requests, he merely "filed a motion saying don't hold it against us that we didn't respond to them." Grynberg's counsel replied, "that's correct," and argued that the failure to respond to the discovery requests was entirely his fault.

The district court correctly noted that Grynberg's motion to amend or withdraw his

admissions presupposed that he had "actually admitted something." The court then expressed its view that, rather than wasting time arguing that Karlin and Rickel should not be allowed to have the requests deemed admitted, Grynberg should have simply responded to the requests for admission. When Grynberg's counsel offered to do so if the court would set a time limit, the district court stated that the time limit had come and gone, but asked how long it would take Grynberg to serve discovery responses. Grynberg's counsel's only reply was that he would have to hire temporary workers to come in and go through boxes of documents.

Counsel for defendants argued at the hearing that the discovery requests included only five requests for admission and six requests for documents and that, after four months, Grynberg still had not even begun to get the documents out of storage.

The district court stated that it had set the summary judgment motions for hearing to give Grynberg a final opportunity to respond to the discovery requests. Because he had not done so, the court ruled that the requests for admission were deemed admitted. These admissions included all the facts set forth in requests for admission 3 and 5, and there is no dispute that these admissions are fatal to Grynberg's claims. Therefore, we conclude the district court appropriately granted summary judgment because there was no genuine issue as to any material fact, and Karlin and Rickel were entitled to judgment as a matter of law.

■ Although the district court did not expressly deny Grynberg's motion to withdraw or amend his admissions, the court considered and discussed the motion during the hearing, and, in our view, denial of that motion was an inevitable corollary of the court's ruling deeming the requests admitted and granting defendants' motions for summary judgment. Under these circumstances, where the court carefully evaluated the entire chronology of events, we perceive no abuse of discretion in the district court's implicit denial of Grynberg's motion to withdraw his admissions.

Grynberg's reliance on *Moses v. Moses*, 180 Colo. 397, 505 P.2d 1302 (1973), is misplaced. In *Moses*, the district court entered summary judgment against a divorced wife and terminated her right to receive alimony payments because she had not timely responded to discovery requests under C.R.C.P. 33 and 36. The wife, who was unrepresented by counsel at the time the requests were served, ultimately retained counsel and served responses to the discovery requests. The supreme court reversed, holding that "[w]hile we do not condone unjustified delay in complying with procedural requirements, to apply a strict technical application of time requirements in this case appears to be a punitive disposition of the litigation." *Moses v. Moses, supra,* 180 Colo. at 403, 505 P.2d at 1305.

Here, by contrast, the record shows that Grynberg, who was represented by counsel throughout the proceedings, never responded to the requests for admission, made no effort to begin the process of responding to the requests, and, even at the time of the hearing, could not give the court an estimate of when he could supply his responses. Indeed, the supreme court in *Moses* explicitly distinguished cases, such as *Cox v. Pearl Investment Co., supra,* where there was a total failure to respond to requests for admission. *See Moses v. Moses, supra,* 180 Colo. at 402, 505 P.2d at 1305; *see also Lionelle v. S.E. Colo. Water Conservancy Dist., supra,* 676 P.2d at 1167 (partial summary judgment granted based upon requests for admission being deemed admitted as a result of failure to respond in a timely manner). Under the circumstances present here, therefore, we perceive no error in the court's granting of defendants' motions for summary judgment.

II.

Because of our resolution of this matter, we need not address the district court's ruling on the statute of limitations.

The judgment is affirmed.

Judge TAUBMAN and Judge ROY concur.