**Teresa SANCHEZ, Plaintiff–Appellant,**

v.

**Thomas MOOSBURGER,
Defendant–Appellee.**

No. 06CA2224.

Colorado Court of Appeals,
Div. III.

May 29, 2008.

The Frickey Law Firm, Howard Flicker, Lakewood, Colorado, for Plaintiff–Appellant.

Godfrey & Lapuyade, PC, James A. Johnson, Lori C. Hulbert, Englewood, Colorado, for Defendant–Appellee.

Opinion by Judge J. JONES.

Plaintiff, Teresa Sanchez, appeals the district court's summary judgment in favor of defendant, Thomas Moosburger. We reverse and remand for further proceedings.

## I. Background

This case arises from an automobile accident in which defendant's vehicle rear-ended plaintiff's vehicle. Plaintiff claimed that defendant was negligent and that she incurred damages as a result.

Plaintiff served her initial C.R.C.P. 26(a)(1) disclosures on defendant one month after she filed her complaint. Her disclosures included several hundred pages of medical records indicating that she had been injured in the accident and describing her ongoing treatment. The disclosures also included the resulting medical bills she had submitted to her insurance carrier.

Just over one month later, on August 8, 2006, defendant submitted written discovery requests, including requests for admissions, to plaintiff. As relevant here, defendant requested that plaintiff admit that she was not injured as a result of the accident. Plaintiff was required to respond to defendant's discovery requests by September 7, 2006, see C.R.C.P. 5(b)(2)(D), 6(a), (e), 36(a), but she did not do so.

On September 19, 2006, defendant filed a motion for summary judgment, arguing that (1) plaintiff had not denied the request to admit that she had not sustained injuries as a result of the accident; (2) the request was therefore deemed admitted pursuant to C.R.C.P. 36(a); and (3) plaintiff could not pursue her negligence claim in the absence of damages.

Plaintiff moved for an extension of time to respond to defendant's discovery requests on September 26, 2006, claiming that she had been out of town during an unspecified period while the discovery requests were pending. Plaintiff also stated that she had timely served her C.R.C.P. 26(a)(1) disclosures, which clearly documented the injuries she sustained as a result of the accident.

On October 3, 2006, plaintiff filed her response in opposition to defendant's motion for summary judgment. Therein, she argued that (1) granting her motion for an extension of time to serve her discovery responses would render the summary judgment motion moot; (2) her attached affidavit averred that she had suffered injuries as a result of the collision, resulting in damages in excess of $57,000; (3) her C.R.C.P. 26(a)(1) disclosures (also attached to the response) detailed the extent of her medical bills, out-of-pocket expenses, and lost wages; (4) the medical records she had produced to defendant with her

C.R.C.P. 26(a)(1) disclosures clearly showed that she had sustained injuries as a direct result of the collision; and (5) consideration of these materials would not prejudice defendant, as he himself had identified plaintiff's treatment providers in his C.R.C.P. 26(a)(1) disclosures as persons having discoverable information.

On October 11, 2006, plaintiff responded to defendant's written discovery requests, specifically denying the request to admit that she had not been injured as a result of the accident. She apparently submitted her responses only to defendant and did not file them with the court. *See* C.R.C.P. 5(d), 121 § 1–12(3) (providing that responses to requests for admissions shall not be filed with the court). However, she filed proof of service of those responses with the court. *See* C.R.C.P. 5(d).

On October 18, 2006, the district court denied plaintiff's motion for an extension of time to serve discovery responses. Two days later, the court granted defendant's motion for summary judgment. The court did so for the sole stated reason that plaintiff was deemed to have admitted that she had not suffered injuries as a result of the accident, and that absent such injuries, "an action for personal injuries cannot be sustained."

## II. Discussion

Plaintiff contends the district court erred in granting summary judgment based entirely on her deemed admission because she moved for an extension of time to serve her responses and rebutted the admission with a denial of the request, her affidavit, and documentary evidence concerning her injuries. Under the circumstances of this case, we agree.

■ "Summary judgment is a drastic remedy and should only be granted if there is a clear showing that no genuine issue as to any material fact exists and the moving party is entitled to judgment as a matter of law." *AviComm, Inc. v. Colorado Pub. Utils. Comm'n,* 955 P.2d 1023, 1029 (Colo.1998). We review an order granting a motion for summary judgment de novo. *Aspen Wilderness Workshop, Inc. v. Colorado Water Con-*

*servation Bd.,* 901 P.2d 1251, 1256 (Colo. 1995); *Bruce v. Pikes Peak Library Dist.,* 155 P.3d 630, 631 (Colo.App.2007).

C.R.C.P. 36 states in pertinent part:

**(a) Request for Admission** .... Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing pursuant to C.R.C.P. 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney....

....

**(a) Effect of Admission.** Any matter admitted under this Rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission.... [T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits....

■ Thus, when a party fails to timely respond to a request for admission, that request is deemed admitted pursuant to C.R.C.P. 36(a). That admission may then be used to support a summary judgment motion. *Grynberg v. Karlin,* 134 P.3d 563, 565 (Colo. App.2006); *Cortez v. Brokaw,* 632 P.2d 635, 636–37 (Colo.App.1981); *see also* 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2264, at 569 (2d ed.1994).

Rule 36(b) expressly contemplates, however, that a deemed admission will not be treated as conclusive in all circumstances. It provides a mechanism by which a party may seek to avoid the effect of a deemed admission, and it provides standards by which a court is to evaluate such a request. As pertinent here, the rule provides that a party may move to withdraw an admission, and the court may permit such withdrawal "when the presentation of the merits of the action will

be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal ... will prejudice him in maintaining his action or defense on the merits." C.R.C.P. 36(b); *see Conlon v. United States,* 474 F.3d 616, 621–22 (9th Cir.2007) (applying Fed.R.Civ.P. 36); *Raiser v. Utah County,* 409 F.3d 1243, 1246 (10th Cir.2005) (same); *Perez v. Miami–Dade County,* 297 F.3d 1255, 1265 (11th Cir.2002) (same); 7 James Wm. Moore et al., *Moore's Federal Practice* § 36.13, at 36–43 to 36–44 (3d ed.2007); 8A *Federal Practice and Procedure* § 2257, at 543; *see also Benton v. Adams,* 56 P.3d 81, 86 (Colo.2002) (where Colorado rule is similar to federal rule, we may look to federal authorities for guidance); *Grynberg,* 134 P.3d at 565 (looking to federal authorities in applying Rule 36).

Where a party seeks to withdraw a deemed admission, the court must take care that "technical considerations will not be allowed to prevail to the detriment of substantial justice...." 8A *Federal Practice and Procedure* § 2252, at 253. The court should apply the rule in light of its purposes—"to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial, the truth of which is known to the parties or can be ascertained by reasonable inquiry." *Id.; accord, e.g., Conlon,* 474 F.3d at 622; *Perez,* 297 F.3d at 1264; *In re Durability Inc.,* 212 F.3d 551, 555 (10th Cir.2000); 7 *Moore's Federal Practice* § 36.02[1], at 36–6; Fed.R.Civ.P. 36 advisory committee note to 1970 amendments.

In interpreting the virtually identical federal rule, federal courts have held that no formal motion to withdraw the deemed admission is required, and a request to withdraw a deemed admission may be implied from a party's actions. *See, e.g., Kerry Steel, Inc. v. Paragon Indus., Inc.,* 106 F.3d 147, 154 (6th Cir.1997) (statements by counsel at oral argument equivalent to a motion to withdraw admissions); *Bergemann v. United States,* 820 F.2d 1117, 1120–21 (10th Cir. 1987) (opposition to motion for summary judgment effectively treated as a motion to withdraw an admission); *Gutting v. Falstaff Brewing Corp.,* 710 F.2d 1309, 1313 (8th Cir. 1983) (motion for extension of time to file

answers to requests for admissions should have been treated as a motion to withdraw the admissions); *Chancellor v. City of Detroit,* 454 F.Supp.2d 645, 666 (E.D.Mich.2006) ("a formal written motion to withdraw is not necessary, and a withdrawal or request to withdraw may be made orally or may be imputed from a party's actions"); 7 *Moore's Federal Practice* § 36.13, at 36–45, 36–48. *But see In re Carney,* 258 F.3d 415, 419–20 (5th Cir.2001) (formal motion to withdraw admission is required; dissent disagreed); *Kalis v. Colgate–Palmolive Co.,* 231 F.3d 1049, 1059 (7th Cir.2000) (indicating that a formal motion to withdraw is required).

Likewise, state courts applying other states' versions of Rule 36 have held that a formal motion to withdraw admissions is not required. *See, e.g., W.H. Shipman, Ltd. v. Hawaiian Holiday Macadamia Nut Co.,* 8 Haw.App. 354, 802 P.2d 1203, 1209 (1990) (late responses sufficient); *Gary Mun. Airport Auth. Dist. v. Peters,* 550 N.E.2d 828, 830–31 (Ind.Ct.App.1990) (motion for extension of time to file responses and opposition to motion for summary judgment sufficient); *Farm Credit Bank v. McLaughlin,* 474 N.W.2d 883, 886–87 (N.D.1991) (brief and affidavit in opposition to motion for summary judgment sufficient).

The Colorado Supreme Court has held that a late response may be treated as a motion to withdraw admissions. *Moses v. Moses,* 180 Colo. 397, 403, 505 P.2d 1302, 1305 (1973). Indeed, the supreme court's decision in *Moses* is almost directly on point. In *Moses,* an alimony proceeding, the district court granted summary judgment in the husband's favor based solely on the wife's failure to file timely responses to requests for admissions. The wife submitted her responses to the requests for admissions late, but prior to the district court's granting of the husband's motion for summary judgment. The supreme court reversed the district court's decision, despite the wife's failure to comply technically with the Rules of Civil Procedure. The court held that a deemed admission is not unrebuttable, but rather "may be contradicted and rebutted by other evidence," because to rule otherwise would be an "arbitrary denial of substantial justice ... contrary to the spirit of

the Rules of Civil Procedure." *Id.* at 402–03, 505 P.2d at 1305; *cf. Cortez,* 632 P.2d at 637 (district court did not err in denying the employer's motion for summary judgment where the employee rebutted deemed admissions with late responses).

■ Here, plaintiff provided the functional equivalent of a motion to withdraw the deemed admission. In response to defendant's motion for summary judgment, plaintiff filed a motion to permit her to serve late responses and an opposition to the motion for summary judgment, to which she attached her C.R.C.P. 26(a)(1) disclosures and her affidavit. Plaintiff subsequently filed a certificate of service with the court indicating that she had served defendant with responses to the requests for admissions. Plaintiff thereby made clear her desire to contest the deemed admission and presented substantial evidence that she had been injured in the accident.

The remaining question is whether the circumstances here satisfy the two-part test set forth in C.R.C.P. 36(b) for withdrawing an admission. We conclude that both parts of the test are satisfied.

■ The first part—whether the presentation of the merits will be subserved—is satisfied when use of the admission would dispense with the necessity of a trial on the merits. *Conlon,* 474 F.3d at 622; *Raiser,* 409 F.3d at 1246; *Perez,* 297 F.3d at 1266; 7 Moore's Federal Practice § 36.13, at 36–46. In this case, the district court granted summary judgment, disposing of plaintiff's complaint. Therefore, the first part of the test is clearly satisfied.

The second part—a lack of prejudice to the party who obtained the admission—is satisfied unless allowing withdrawal of the deemed admission will cause the party who obtained the admission difficulty in proving his case because of the sudden need to obtain evidence. *Conlon,* 474 F.3d at 622; *Raiser,* 409 F.3d at 1246; *Manatt v. Union Pac. R.R. Co.,* 122 F.3d 514, 517 (8th Cir.1997); *Gary Mun. Airport,* 550 N.E.2d at 831; *Farm Credit Bank,* 474 N.W.2d at 888; 7 Moore's Federal Practice § 36.13, at 36–46. The party who obtained the admission has

the burden of establishing such prejudice. C.R.C.P. 36(b); *Conlon,* 474 F.3d at 622; *Raiser,* 409 F.3d at 1246; *see Cortez,* 632 P.2d at 637.

■ Contrary to defendant's contention, having to engage in further litigation does not constitute prejudice. *Raiser,* 409 F.3d at 1246; *Manatt,* 122 F.3d at 517; *Kerry Steel,* 106 F.3d at 154. Nor does preparing a motion for summary judgment in reliance on a deemed admission. *Conlon,* 474 F.3d at 622; *Raiser,* 409 F.3d at 1246; 7 Moore's Federal Practice § 36.13, 36–47 to 36–48.

Defendant has not alleged, much less demonstrated, any cognizable prejudice. We observe that the prospect of any such prejudice was greatly diminished because the case was still at an early stage when the court granted summary judgment and defendant was on notice from the outset of the case that plaintiff claimed injuries for which she had received ongoing treatment. Indeed, one month after plaintiff filed her complaint, she provided defendant with hundreds of pages of documents concerning those injuries and her treatment therefor. *Cf. Perez,* 297 F.3d at 1267 (no prejudice to the plaintiff where the defendant informed the plaintiff of its position at the outset of the case and had maintained that position throughout).

Defendant's reliance on the division's decision in *Grynberg,* 134 P.3d 563, is misplaced. *Grynberg* is distinguishable because the plaintiff in that case never responded to the requests for admissions and refused to tell the court how much time he would need to prepare responses to the requests for admissions. *Id.* at 566–67. Here, in contrast, plaintiff not only served responses to defendant's requests for admissions, she also asked for a relatively short period of time to serve her responses and provided the court with her Rule 26(a)(1) disclosures and an affidavit, all of which purported to show that she sustained injuries from the accident.

■ In sum, we conclude that the district court abused its discretion in effectively refusing to allow plaintiff to withdraw her deemed admission. Plaintiff presented evidence to the court establishing a genuine issue of material fact as to whether she suf-

fered compensable injuries. Accordingly, the court erred in granting defendant's motion for summary judgment.

The judgment is reversed, and the case is remanded for further proceedings.

Judge CASEBOLT and Judge RUSSEL concur.