Jack LANG; Kenneth Ellis, Sr.;
and George Red Pennington,
Plaintiffs–Appellants,

v.

BANK OF DURANGO, a Colorado
corporation, and Jim Schoen,
Defendants–Appellees.

No. 02CA0701.

Colorado Court of Appeals,
Div. III.

March 27, 2003.

Certiorari Denied Oct. 20, 2003.

Abadie & Zimsky, LLC, William E. Zimsky, Durango, Colorado, for Plaintiffs–Appellants.

Crane, Leake, Ehlers & Eggleston, P.C., Duke Eggleston, Durango, Colorado, for Defendants–Appellees.

Opinion by Judge ROY.

Plaintiffs, Jack Lang, Kenneth Ellis, Sr., and George Red Pennington, appeal the trial court's judgment dismissing their complaint against defendants, Bank of Durango and Jim Schoen, an officer of the bank. We affirm.

In 1996, the bank made two Small Business Administration (SBA) loans totaling $750,000 to a borrower to finance the construction of a bar and dance hall. Later, when the borrower's needs exceeded the amount of the SBA loans, it applied for a Farmers Home Administration loan (refinance loan). While the refinance loan was pending, the borrower applied for several bridge loans from plaintiffs and others to pay contractors and subcontractors while it got approval and funding of the refinance loan. However, the refinance loan was never approved and funded. The borrower then defaulted on all the bridge loans after filing for bankruptcy.

Plaintiffs, in their first amended complaint, alleged negligent misrepresentation, fraud, and unjust enrichment. As a factual predicate, they alleged that they made the bridge loans based on the bank's assurances that the permanent refinancing loan had been approved and was to be funded within thirty to sixty days, at which time the bridge loans would be paid off.

Defendants moved to dismiss the claims under C.R.C.P. 12(b)(5), asserting that the credit agreement statute of frauds, § 38–10–124, C.R.S.2002, barred the action because it involved an oral credit agreement.

Shortly before plaintiffs brought this action, another lawsuit, *Schoen v. Morris,* 15 P.3d 1094 (Colo.2000), was commenced in the trial court against defendants. The case involved virtually identical allegations, but was brought by another lender. In *Schoen,* the claims for relief were based on oral representations made by defendants to the effect that the refinancing loan had been approved and would be funded within thirty to sixty days. In that case, the trial court dismissed the action based on the credit agreement statute of frauds.

These proceedings here were stayed pending the outcome of the appellate proceedings in *Schoen.* The supreme court there held that claims based on the oral representations made by defendants were barred by the credit agreement statute of frauds.

Plaintiffs' first amended complaint raised claims that were virtually identical to those raised in *Schoen.* Therefore, shortly after the supreme court's decision was issued, plaintiffs moved for leave to file a second amended complaint and then a third amended complaint adding additional claims for relief in an obvious effort to avoid the decision in *Schoen.*

After the parties fully briefed plaintiffs' motion for leave to file a third amended complaint, the trial court denied that motion and granted defendants' motion to dismiss, holding that plaintiffs' complaint was ultimately based on the oral representations from defendants and so was barred by the credit agreement statute of frauds. This appeal followed.

At the outset, we note that the court never granted leave to file the second and third amended complaints pursuant to C.R.C.P. 15(a), and plaintiffs' arguments on appeal center on the allegations in the proposed third amended complaint. However, in oral argument defendants invited us to consider the third amended complaint on appeal even though the trial court did not grant leave to file it. We accept that invitation and agree with defendants that the third amended complaint would not avoid, and would therefore be barred by, the credit agreement statute of frauds.

I.

Plaintiffs first assert that the trial court erred in concluding that the credit agreement statute of frauds, § 38–10–124, bars their claims of negligent misrepresentation and fraud. We disagree.

■ When reviewing a trial court's dismissal under C.R.C.P. 12(b)(5), we apply the same standards as the trial court and accept all averments of material fact as true in the light most favorable to the plaintiff. *Coors Brewing Co. v. Floyd,* 978 P.2d 663 (Colo. 1999). Rule 12(b)(5) motions are viewed with disfavor and should not be granted unless it appears beyond doubt that the plaintiff cannot prove facts in support of the claim that would entitle the plaintiff to relief. *Dunlap v. Colorado Springs Cablevision, Inc.,* 829 P.2d 1286 (Colo.1992).

The credit agreement statute of frauds provides: "Notwithstanding any statutory or case law to the contrary ... no debtor or creditor may file or maintain an action or a claim relating to a credit agreement involving a principal amount in excess of twenty-five thousand dollars unless the credit agreement is in writing...." Section 38–10–124(2), C.R.S.2002.

As relevant here, a credit agreement is a "contract, promise, undertaking, offer, or commitment to lend, borrow, repay, or forbear repayment of money, to otherwise extend or receive credit, or to make any other financial accommodation." Section 38–10–124(1)(a)(I), C.R.S.2002.

In their third amended complaint, plaintiffs asserted that the borrower, with the full knowledge of and participation by defendants, submitted a false or misleading financial statement to the SBA in obtaining the original financing through defendants and failed to disclose that fact to them. They asserted that the SBA loan was, therefore, voidable and that had they known this fact, they would not have advanced funds to the borrower. They further asserted that defendants had an interest in misleading or defrauding them in that the funds from the bridge loans were to be used to pay contractors and subcontractors with lien rights and those payments directly improved the value of the defendant bank's position.

In their search for a written instrument to avoid the credit agreement statute of frauds, plaintiffs settled on this false or misleading financial statement. Plaintiffs do not assert that they relied on the false or misleading financial statement in making their loans, but assert only that it jeopardized the underlying permanent financing.

In our view, *Schoen v. Morris, supra,* is dispositive. The supreme court there held that the credit agreement statute of limitations applied to relationships other than lender-borrower or creditor-debtor and applied to the relationship at issue here. Specifically, it held that the oral representations made by the bank to the bridge lender constituted credit agreements as defined under the credit agreement statute of frauds.

The supreme court concluded that the phrase "credit agreements" should have a broad definition. It applies not only to claims involving transactions, that are characterized exclusively as credit agreements, but also to claims that merely relate to credit agreements. The court held that the plain language of the statute indicates that the bank's assurances constituted a "commitment to lend" money to borrower and thus a "credit agreement" under the credit agreement statute of frauds. *Schoen v. Morris, supra.*

█ Here, plaintiffs initially alleged in their first amended complaint that the bank made oral assurances that the refinancing loan had been approved and was to be funded shortly and that it was upon these assurances that plaintiffs made their decision to make the bridge loan. We conclude that *Schoen v. Morris* is dispositive as to the first amended complaint.

As to the third amended complaint, plaintiffs alleged:

44. [Defendants] intentionally *failed to disclose* to the Plaintiffs that the financial statement used by [borrower] for [its] two SBA loans contained materially false information that put the viability of those SBA loans and [borrower's] ongoing viability in serious jeopardy.

. . . .

58. The *representation* made by the Bank through its employee and Bank officer Jim Schoen was made with the intention that it would be acted upon by the Plaintiffs.

59. Plaintiffs acted on the *representation* that the SBA loans were in *good standing*

. . . .

It is evident that the third amended complaint suffers from the same infirmities as the first amended complaint, that is, the failure to allege that plaintiffs relied on defendants' alleged oral misrepresentations. Therefore, *Schoen* is dispositive of the third amended complaint.

Moreover, the credit agreement statute of frauds requires that, to be actionable, the written credit agreement must be "signed by the party against whom enforcement is sought." Section 38-10-124(2). Here, the third amended complaint did not allege that defendants signed the false or misleading financial statement.

Accordingly, we agree with the trial court that the credit agreement statute of frauds bars plaintiffs' claims.

## II.

Plaintiffs next contend that the trial court erred in concluding that the credit agreement statute of frauds bars their claim of unjust enrichment. We disagree.

The credit agreement statute of frauds expressly bars *all claims* relating to a credit agreement unless the credit agreement is in writing. Section 38-10-124(2). Moreover,

the statute expressly bars the equitable claims of part performance and promissory estoppel: "A credit agreement may not be implied under any circumstances, including, without limitation, from the relationship, fiduciary or otherwise, of the creditor and the debtor or from performance or partial performance by or on behalf of the creditor or debtor, or by promissory estoppel." Section 38–10–124(3), C.R.S.2002. In addition, legislative history indicates that the statute is to be broadly applied. *See Schoen v. Morris, supra.* The general counsel for the Colorado Bankers Association, who sponsored the bill, testified: "[Such claims are barred] to make it absolutely certain that there are *no exceptions* to the statute of frauds as [it applies] to $25,000 ... loan agreements and above from financial institutions." Hearings on H.B. 1116 before the House Business Affairs Committee, 57th General Assembly, First Session (Jan. 19, 1989); *see also Schoen v. Morris, supra.* Thus, the legislative history shows an intent to impose a broad ban on claims arising from oral representations made by financial institutions.

■ We, therefore, conclude that because legislative history and case law strongly disfavor *any* type of claim involving oral credit agreements, a claim for unjust enrichment that arises from an oral assertion regarding a credit agreement is barred by the credit agreement statute of frauds.

Here, the third amended complaint, as quoted above, directly relates to the oral representations made by the bank, and thus plaintiffs' claim of unjust enrichment is barred by the credit agreement statute of frauds.

Accordingly, the trial court properly concluded that plaintiffs' unjust enrichment claim is barred by the statute of frauds.

The judgment is affirmed.

Judge DAVIDSON and Judge WEBB concur.